Donald L. FARMER,
Plaintiff–Appellant,

v.

CENTRAL BANCORPORATION, INC., a corporation; Max Brooks, as an individual and Corporate Officer of C.C.B.; Donald D. Hoffman, as an individual and Corporate Officer of C.C.B.; George McKinley, as an individual and Corporate Officer of C.C.B.; Richard L. Thomas, as an Individual and Corporate Officer of C.C.B.; H. Lee Fetters, as an individual and Corporate Officer of C.C.B.; Rocky Ford National Bank, a Colorado corp., H.H. Mendenhall, as an individual and member of the board of directors of R.F.N.B.; Truman Lusk, as an individual and member of the board of directors of R.F.N.B.; Ed Kidder, as an individual and director of R.F.N.B.; J. Paul Kitch, as an individual and director of R.F.N.B.; A.R. Smith, as an individual and director of R.F.N.B., Defendants–Appellees.

No. 84CA0785.

Colorado Court of Appeals, Div. IV.

Jan. 21, 1988.

Rehearing Denied Feb. 18, 1988.

Certiorari Denied Sept. 6, 1988.

Gorsuch, Kirgis, Campbell, Walker and Grover, Catherine M. Meyer, Mark C. Hansen and John S. Pfeiffer, and Hall & Evans, C. Willing Browne, Denver, for defendants-appellees.

Glenn A. Bergmann, Lakewood, for plaintiff-appellant.

KELLY, Judge.

The plaintiff, Donald Farmer, appeals the trial court judgment dismissing his complaint and entering judgment for the defendants, Central Bancorporation, Inc. (Central), and Rocky Ford National Bank (Bank), and their respective officers and directors. The plaintiff, who had been president of the Bank, pleaded three claims for relief: wrongful discharge, civil conspiracy, and intentional infliction of emotional harm. Prior to trial, the trial court dismissed the intentional tort claim, the

remaining claims being dismissed at the conclusion of the plaintiff's case-in-chief. The plaintiff claims on appeal that his discharge was wrongful as a matter of law, and that there was, therefore, an unlawful purpose to support his claim of civil conspiracy; that the defendants had a legal obligation to deal with the plaintiff in good faith concerning the status of his employment and that this duty was violated; that the trial court erred in dismissing his claim for outrageous conduct as being preempted by the Workmen's Compensation Act; and that the trial court erred in concluding that the evidence was insufficient to support his claims for wrongful discharge and conspiracy. We affirm.

## I.

■ The plaintiff contends that his discharge was wrongful as a matter of law, taking the position that the discharge was precipitated by his refusal to negotiate a check for an established bank customer because to do so would create an overdraft and would violate the mandatory provisions of 12 U.S.C. § 84 (1982). This statute establishes the maximum loan which a national bank may extend to any individual or entity. The plaintiff's argument is unsupported by the record.

It is uncontroverted that the plaintiff's contract of employment with the Bank is an employment terminable at will. *See Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978). However, the plaintiff seeks to avoid the consequences of the rule concerning employment at will by invoking the public policy exception. *See Lampe v. Presbyterian Medical Center, supra.*

Even if we accept, *arguendo*, that an employee's obligation to comply with 12 U.S.C. § 84 would protect plaintiff from being terminated from his employment at the will of the bank, the doctrine is inapplicable to the facts established here. In order to show he was within the protection of this public policy exception, plaintiff must establish both that he refused to honor the overdraft in question because it would have constituted a statutory violation and that he was terminated for his refusal to violate the statute. *See Smith*

*v. Atlas Off-Shore Boat Service, Inc.*, 653 F.2d 1057 (5th Cir.1981). *See also* Note: *Protecting Employees at Will Against Wrongful Discharge: The Public Policy Exception*, 96 Harvard L.Rev. 1931 (1983) (fn. 47).

Hence, in order to negate the applicability of the public policy exception, the defendants needed to show only that the statute would not have been violated had the plaintiff honored the overdraft, as requested. *See Smith v. Atlas Off-Shore Boat Service, Inc., supra.* This was established by the plaintiff's own testimony on cross-examination.

The plaintiff testified that on the day the check was presented for payment, the legal lending limit for the Bank under the statute was approximately $83,000. He admitted that the check created an overdraft of only $43,000, a sum well within the legal lending limits of the Bank. Further, the plaintiff admitted that he could have honored the check without violating the statute.

Thus, the trial court correctly ruled that the evidence was insufficient to establish a wrongful discharge and the directed verdict was proper.

## II.

■ The plaintiff also asserts that the trial court erred in dismissing his claim for civil conspiracy on the ground that plaintiff had failed to establish an unlawful purpose. We disagree.

Inasmuch as the record fails to support the plaintiff's contention that honoring the check would have violated the statute, plaintiff's discharge was not wrongful. Thus, the purpose of the alleged conspiracy, the termination of plaintiff's employment, was not unlawful. Accordingly, the plaintiff's evidence did not establish the elements requisite to a finding of civil conspiracy. *See Pittman v. Larson Distributing Co.*, 724 P.2d 1379 (Colo.App.1986).

## III.

■ The plaintiff argues that, inherent in a contract of employment, is an employer's legal obligation to deal with its employees in good faith, an obligation which plain-

tiff asserts was violated in this case. The argument lacks merit. An implied covenant of good faith and fair dealing found in some commercial contracts does not extend to at-will employment contracts. *Pittman v. Larson Distributing Co., supra.*

## IV.

The plaintiff's argument that the trial court erred in dismissing his claim for intentional infliction of emotional harm is also without merit. *Kandt v. Evans,* 645 P.2d 1300 (Colo.1982) and *Ellis v. Rocky Mountain Empire Sports, Inc.,* 43 Colo. App. 166, 602 P.2d 895 (1979) are dispositive of plaintiff's argument that the Workmen's Compensation Act is not his exclusive remedy. These cases hold to the contrary, and the trial court ruled correctly on that issue.

The judgment is affirmed.

TURSI and METZGER, JJ., concur.