**Delfino MONTOYA, Plaintiff–Appellant, Cross–Appellee,**

**v.**

**LOCAL UNION III OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS and Robert H. Mason, Defendants–Appellees, Cross–Appellants.**

**No. 86CA1067.**

Colorado Court of Appeals, Div. II.

April 28, 1988.

---

Paul Radosevich, Robert M. Maes, Denver, for plaintiff-appellant, cross-appellee.

Brauer & Buescher, P.C., Walter C. Brauer III, Dennis E. Valentine, Denver, for defendants-appellees, cross-appellants.

SMITH, Judge.

Plaintiff, Delfino Montoya, appeals the summary judgment entered dismissing his

complaint against defendants, Local Union III of the International Brotherhood of Electrical Workers (Local III), and Robert H. Mason, business manager of Local III. Mason and Local III cross-appeal the trial court's denial of their request for attorney fees for Montoya's frivolous litigation. We affirm in part and reverse in part.

Plaintiff, who was terminated from his position as assistant business manager by defendants, pled several claims for relief: outrageous conduct, intentional infliction of emotional distress, breach of implied contractual provisions of good faith, defamation, wrongful discharge, promissory estoppel, breach of express contract, and intentional interference with contractual obligations. Prior to judgment, the claim for defamation was dismissed as barred by the applicable statute of limitations. The defamation claim was not appealed.

More specifically, plaintiff alleged that the actual reasons for his termination were his uncovering of illegal, wrongful, and questionable practices by Mason in the business management of the union, plaintiff's unwillingness to vote for Mason's choice for vice-president and his express objection to Mason's forcing other employees to do the same.

Defendants moved for summary judgment based on a lack of a genuine issue as to any material fact and because plaintiff's claims were preempted by federal labor law. The trial court granted summary judgment based on state law without addressing the issue of preemption.

In order for plaintiff's claims to be viable under state law, the issue of his wrongful discharge, from which most of his claims flow, must not be preempted; consequently, we first address that issue.

### I.

Mason contends that plaintiff's claims are preempted by federal labor law, specifically by the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 401, et seq. (1983) and the authority of

*Finnegan v. Leu,* 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982). We agree in part.

### A.

■ An elected union leader has the freedom to choose a staff with views compatible to his own. *Finnegan v. Leu, supra.* Consequently there is no violation of the LMRDA if a staff member's discharge, which does not affect his union membership, is based on union patronage, because the loyalty and cooperation of union employees is necessary to insure that the union is democratically governed and responsive to its membership. *Finnegan v. Leu, supra. See National Labor Relations Board v. Carpenters Local Union No. 35,* 739 F.2d 479 (9th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985).

In *Bloom v. General Truck Drivers Local 952,* 783 F.2d 1356 (9th Cir.1986), the federal appellate court recognized that this federal interest in promoting union democracy and the rights of union members includes an interest in allowing union leaders to discharge incumbent administrators. However, the *Bloom* court did not resolve the preemption issue because it found an exception to preemption based on the fact that the plaintiff claimed he was fired only because he refused to alter illegally the minutes of a union meeting. Although the court in *Bloom* did not decide whether a state cause of action for wrongful discharge would generally undermine the purposes of the LMRDA, a California court has directly addressed this issue.

In *Tyra v. Kearney,* 153 Cal.App.3d 921, 200 Cal.Rptr. 716 (1984), the court held that a state wrongful discharge action is preempted by the provisions of the LMRDA under the authority of *Finnegan v. Leu, supra.* There, the court reviewed in detail the federal authorities dealing with preemption in the labor relations field and concluded that to allow a state claim for termination which *Finnegan* found sanctioned under the LMRDA would allow

another forum to restrict the exercise of the right to terminate which *Finnegan* found "an integral part of ensuring a union administration's responsiveness to the mandate of the union elections." *Tyra v. Kearney, supra, quoting Finnegan v. Leu, supra.*

Here, as in *Finnegan* and in *Bloom*, the union's bylaws (and its constitution) provided that the business manager had the authority to hire and fire its representatives and assistants at any time. We adopt the rationale of *Tyra v. Kearney, supra*, and hold that plaintiff's panoramic claims, the gist of which is a claim for wrongful discharge, are preempted by federal law, except insofar as the *Bloom* exception applies.

### B.

In *Bloom v. General Truck Drivers Local 952, supra*, the federal appeals court held that a state cause of action for wrongful discharge based solely on the employee's refusal to violate state law is not preempted by federal labor policies reflected in the LMRDA or *Finnegan v. Leu*. The reason is two-fold. First, the state cause of action actually advances the purposes of the LMRDA, and second, the LMRDA does not preclude firings even though such firings might hinder carrying out the intention of the act. *Bloom v. General Truck Drivers Local 952, supra. See also* 29 U.S.C. § 524 (1983).

 We adopt the *Bloom* exception to federal preemption to the extent a claim is based on an employee's unwillingness to aid his superior in the violation or concealment of a violation of a criminal statute. Both Colorado and federal statutes make embezzlement from a labor organization unlawful. Section 18–4–401, et seq., C.R.S. (1987 Cum.Supp.) Thus, the doctrine of preemption is not a bar to plaintiff's action here, insofar as he alleges that he was discharged because he refused to aid Mason in his alleged criminal misuse of union funds.

### II.

 Next, we address the propriety of the summary judgment dismissing the claims premised on wrongful discharge. Plaintiff alleges that there was a material issue of fact as to Mason's motivations in terminating him, and he argues that, in addition to the internal union political reason already discussed, he was fired for objecting to Mason's illegal activities. As we concluded above, although Mason's claim for wrongful discharge based on internal political views is preempted, his claim based on Mason's alleged illegal activities is not. *See Farmer v. United Brotherhood of Carpenters & Joiners Local 25*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). We agree that this claim was not properly reviewed as required under a motion for summary judgment and, therefore, reverse.

### A.

 Here, the court summarily dismissed plaintiff's claims based on a belief that a claim of wrongful discharge could not be supported by an employment contract which is terminable at will, and because plaintiff's contract for employment was with the union and not with Mason. The court did not analyze the case under the *Bloom* doctrine.

Thus, it is necessary for this matter to be remanded for reconsideration of plaintiff's claim that he was discharged for refusal to violate state law. The trial court must exercise caution, however, as instructed by *Farmer v. United Brotherhood of Carpenters & Joiners Local 25, supra*, to minimize introduction of any evidence that plaintiff's political views differed from those of Mason. This is to assure that the doctrine of preemption is not violated by plaintiff's pursuit of his cause of action which is excepted from such preemption.

On remand, Mason's motion for summary judgment must be tested against the standards set forth in *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo.

1987). Thus, in order to prevail on his motion, Mason must affirmatively show the absence of evidence in the record that would support plaintiff's claim that Mason terminated him for refusal to participate in Mason's illegal activities.

### B.

Inasmuch as we uphold the dismissal of all claims except wrongful discharge, we need to address defendants' claim of plaintiff's failure to exhaust his administrative remedies only as to that claim. The record before us does not provide sufficient information as to the adequacy of such remedies, if any, or the extent to which Montoya attempted to avail himself of them. This matter should be further addressed on remand.

### III.

■ Mason argues that dismissal of plaintiff's claims for outrageous conduct and intentional infliction of emotional distress was proper because such claims are barred by the exclusivity of provisions of the Workmen's Compensation Act. We agree. *See Farmer v. Central Bancorporation, Inc.* (Colo.App. No. 84CA0785, January 21, 1988).

Furthermore, even if we assume that, as plaintiff argues, the alleged wrong rested largely on Mason's actions after termination, we conclude that conduct is not sufficiently outrageous to justify any further interference with the regulatory scheme than that allowed by *Bloom v. General Truck Drivers Local 952, supra. See Viestenz v. Fleming Co.,* 681 F.2d 699 (10th Cir.1982); *see also Meuser v. Rocky Mountain Hospital,* 685 P.2d 776 (Colo. App.1984).

### IV.

■ Finally, plaintiff claims that an implied "covenant of good faith" existed merely because of his longevity of service. We disagree.

Such a claim would be preempted by the concerns of federal labor law. However, even in the absence of such preemption, such a claim has no basis in law. *See Farmer v. Central Bancorporation, Inc., supra; Pittman v. Larson Distributing Co.,* 724 P.2d 1379 (Colo.App.1986).

### V.

We conclude that the court's order that each party pay his or its own attorney fees was proper under the circumstances presented here.

Accordingly, the judgment is reversed as to the dismissal of plaintiff's claims premised on wrongful discharge for refusal to violate state law, and the cause is remanded to the trial court for reconsideration of Mason's motion for summary judgment on that issue under the standards set forth herein. The judgment is affirmed in all other respects.

VAN CISE and STERNBERG, JJ., concur.