James DeRUBIS and Vernon T. Young,
Plaintiffs–Appellants,

v.

BROADMOOR HOTEL, INC., a
Colorado corporation,
Defendant–Appellee.

No. 88CA0177.

Colorado Court of Appeals,
Div. IV.

March 2, 1989.

Martin D. Kuhn, Colorado Springs, for plaintiffs-appellants.

Sherman & Howard, Raymond M. Deeny, N. Dawn Webber, Colorado Springs, for defendant-appellee.

TURSI, Judge.

In this action for wrongful discharge, plaintiffs, James DeRubis and Vernon Young, appeal the trial court's dismissal of their complaint against the Broadmoor Hotel (Broadmoor). We reverse and remand.

The plaintiffs, both former employees of the Broadmoor, alleged claims for wrongful termination on alternative theories of implied contract and promissory estoppel. The Broadmoor filed a motion for dismissal under C.R.C.P. 12(b)(5). In granting the motion to dismiss, the trial court rejected plaintiffs' contentions that their claims came within the exception to the employment at will doctrine recognized by our supreme court in *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

The sole issue on appeal is whether the trial court erred in dismissing plaintiffs' complaint. We conclude that the complaint raises triable issues of fact, and we therefore reverse.

Initially, it is necessary to clarify the proper standard of review applicable here. The record before the trial court contained, in addition to the pleadings, an affidavit of both plaintiffs, an affidavit of a Broadmoor employee, and a copy of the Broadmoor's employee handbook. In their briefs to the court, counsel for all parties referred to these matters outside the pleadings, and the trial court based its ruling in part upon the contents of the employee handbook. Hence, the trial court's action must be considered a ruling on a motion for summary judgment, and the issue whether the court committed error in granting the motion must be tested against the legal criteria for granting a motion for summary judgment. *See* C.R.C.P. 12(c) and *Van Schaack v. Phipps,* 38 Colo.App. 140, 558 P.2d 581 (1976).

Under C.R.C.P. 56(c), summary judgment is proper only when the pleadings, affidavits, or other matters establish that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *Alexander v. Morrison–Knudsen Co.,* 166 Colo. 118, 444 P.2d 397 (1968).

Here, the trial court dismissed the complaint on the ground that, inasmuch as the Broadmoor employee handbook contained no procedure for the termination of em-

**682**

ployees, the exceptions to the employment at-will doctrine recognized in *Keenan* had no application. This was an erroneous application of the law.

Although the *Keenan* case centered on the impact of a termination procedure contained in an employee manual, the broad issue before the court was whether the terms and provisions of an employee manual can modify the terms of an employment otherwise terminable at will. In ruling that an employee manual can alter the employment relationship, the court in *Keenan* cited with approval cases in which employee manuals or handbooks contained policies regarding not only termination procedures, but causes for termination and the terms and conditions of employment, as well. *See Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081 (1984); *Toussaint v. Blue Cross & Blue Shield*, 408 Mich. 579, 292 N.W.2d 880 (1980); *Dahl v. Brunswick Corp.*, 277 Md. 471, 356 A.2d 221 (App.1976). Thus, contrary to the trial court's ruling, the exceptions recognized in *Keenan* apply to the causes or reasons for discharge as well as the procedures for discharge. *See Cronk v. Intermountain Rural Electric Ass'n*, 765 P.2d 619 (Colo. App.1988).

Under *Keenan*, an employee is entitled to establish either (1) that the provisions of the handbook expressly or impliedly formed a part of the employment contract of the parties, thereby altering the at-will nature of the employment relationship, or, (2) that the policies set forth in the employee manual should be applied under the doctrine of promissory estoppel. *See Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988). The manual here contains a grievance procedure, classification for probationary and regular employees, and specification of causes for termination.

Plaintiffs stated in their affidavit that each had been given a copy of the employee manual at the outset of employment and told to follow the rules and regulations set forth therein. Plaintiffs were regular employees and stated that as they were expected to abide by the terms and provisions of the manual they also expected the Broadmoor to abide by them.

Plaintiffs were discharged on the basis of charged violations of specific regulations set forth in the manual. Thus, plaintiffs raise material questions of fact whether the employee manual created an implied contract of employment, or whether the plaintiffs are entitled to relief under the doctrine of promissory estoppel. *See Continental Airlines, Inc. v. Keenan, supra; see also Leikvold v. Valley View Community Hospital*, 141 Ariz. 544, 688 P.2d 170 (1984). When the factual basis for a wrongful discharge claim has been established, the question whether the employee committed the particular misconduct alleged is for the finder of fact. *See Toussaint v. Blue Cross & Blue Shield, supra.*

Accordingly, the judgment of dismissal is reversed and the cause is remanded for trial.

JONES and REED, JJ., concur.