**Stephanie L. STAHL, Plaintiff,**

**v.**

**SUN MICROSYSTEMS, INC.,
a Delaware corporation,
Defendant.**

**Civ. A. No. 90–F–1203.**

United States District Court,
D. Colorado.

May 8, 1991.

Kathryn E. Miller, Miller & Leher, P.C., Robert J. Truhlar, Truhlar and Truhlar, Littleton, Colo., for plaintiff.

Steven J. Merker, Catherine S. Martinez, Davis, Graham & Stubbs, Denver, Colo., for defendant.

## ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on defendant Sun's Motion for Partial Summary Judgment, filed March 22, 1991. For the reasons stated below, the Motion is denied.

*Background:*

Plaintiff Stephanie Stahl was employed as a sales representative by defendant Sun Microsystems, Inc., in June, 1987.[1] During the course of her employment, the sales territory for which she was responsible was reduced several times without corresponding reduction in her annual sales goal. In spite of these reductions, Stahl received several sales recognition awards. Plaintiff contends that District Manager Darrell Waters and Regional Manager Neil Knox harassed her, changed the conditions of her employment in violation of the company Incentive Compensation Plan, and subjected her to undeserved discipline. Stahl was repeatedly required to meet unrealistic and impossible performance standards and was treated differently from other employees. Plaintiff seeks recovery for breach of contract, breach of the covenant of good faith, interference with business opportunity, promissory estoppel, and Title VII. Defendant moves for summary judgment with respect to plaintiff's first claim, breach of contract, and second claim, breach of covenant of good faith and fair dealing.

Jurisdiction in this matter is based upon diversity of citizenship. Accordingly, under *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 68, 58 S.Ct. 817, 818, 82 L.Ed. 1188 (1938), the court is required to apply Colorado state law. *Inryco, Inc. v. CGR Bldg. Sys., Inc.,* 780 F.2d 879, 881 (10th Cir.1986); *Vaske v. Ducharme, McMillen & Associates, Inc.,* 757 F.Supp. 1158 (D.Colo.1990).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *Lucas v. Mountain States Telephone & Telegraph,* 909 F.2d 419, 420 (10th Cir.1990); *Martin v. Board of County Comm'rs,* 909 F.2d 402, 404 (10th Cir. 1990); *Bishop v. Federal Intermediate*

---

1. All factual recitations in this Order have been    alleged in plaintiff's Complaint.

*Credit Bank,* 908 F.2d 658, 660 (10th Cir. 1990); *Torrez v. Public Serv. Co.,* 908 F.2d 687, 689 (10th Cir.1990); *Skidmore, Owings & Merrill v. Canada Life Assurance Co.,* 907 F.2d 1026, 1027 (10th Cir.1990); *Anderson v. Department of Health and Human Servs.,* 907 F.2d 936, 946 (10th Cir.1990); *Flynn v. United States,* 902 F.2d 1524, 1527 (10th Cir.1990); *Willner v. Budig,* 848 F.2d 1032, 1033–34 (10th Cir. 1988), *cert. denied,* 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Skidmore,* 907 F.2d at 1027. All doubts must be resolved in favor of the existence of triable issues of fact. *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 946–47; *Martin,* 909 F.2d at 404; *Lucas,* 909 F.2d at 420; *Torrez,* 908 F.2d at 689; *World of Sleep, Inc. v. La–Z–Boy Chair Co.,* 756 F.2d 1467, 1474 (10th Cir.), *cert. denied,* 474 U.S. 823, 106 S.Ct. 77, 88 L.Ed.2d 63 (1985); *Ross v. Hilltop Rehabilitation Hosp.,* 676 F.Supp. 1528 (D.Colo.1987).

*Breach of Contract:*

■ Defendant first maintains that the Incentive Compensation Plans were not contracts which could be breached by Sun. The plan clearly states:

> Nothing in this plan shall be construed to imply a contract of employment between Sun and the participant. Sun reserves the right to terminate any participant's

employment or participation in this plan at any time.

Sun Microsystems Sales Representative Incentive Compensation Plan, Effective July 1, 1987, page 4, § II(D).[2] This disclaimer is not relevant to the contract claims raised by plaintiff.[3] Plaintiff is not suing for wrongful termination based upon the Incentive Compensation Plan language. Rather, she contends that the document contains specific procedures which must be followed in the event of territory reassignment. These procedures were allegedly not followed.

The procedural provision plaintiff relies on states that all modifications of the plan must be signed by the Vice President of Sales. *Id.* at page 4, § II(B). However, the plan continues: "Sun reserves the right to revise territories and/or to change account assignments for participants." *Id.* at page 5, § II(E)(3). The document does not outline a specific procedure for reassignment. Whether territorial alterations are modifications of the plan subject to approval of the Vice President is unclear. The deposition testimony of Ronald B. Curtis indicates that this approval was necessary; however, genuine questions of material fact remain.

■ Defendant next asserts that a promise to perform a preexisting legal duty cannot form the basis of a contract. The Equal Opportunity Statement distributed by Sun cannot therefore be an enforceable contract. Colorado courts have held that the provisions of an employee handbook relating to work environment and equal opportunity may create an enforceable contract. *Tuttle v. ANR Freight System, Inc.,* 797 P.2d 825, 827 (Colo.App.1990).[4] Similarly, policy statements issued by de-

---

2. Similar language is found in the 1988 Incentive Compensation Plan.

3. Defendant relies on *Ferrera v. Nielsen,* 799 P.2d 458 (Colo.App.1990). In that case, the Colorado Court of Appeals stated:

> Summary judgment denying claims based upon a handbook is appropriate if the employer has clearly and conspicuously disclaimed intent to enter a contract limiting the right to discharge employees.

*Id.* at 461. Were this a wrongful discharge case, *Ferrera* would be applicable, as the compensation plans clearly disclaim the formation of an employment contract. *See Backman v. Visual Graphics Corp.,* No. 90–F–342, slip op. at 5 (D.Colo. December 28, 1990). Under the present facts, *Ferrera* is not on point.

4. The *Tuttle* court stressed the use of the term "commit" in conjunction with statements made about desired working environment.

fendants may be enforceable contractual obligations if plaintiff can prove all of the elements of a contract. *Id.* "[A]n employer's distribution to employees of handbooks or policy manuals ... may result in the employer becoming contractually bound to comply with those procedures." *Cronk v. Intermountain Rural Elec. Ass'n,* 765 P.2d 619, 622–23 (Colo.App.1988). The existence of a contract is a question of fact. *Master Palletizer Systems, Inc. v. T.S. Ragsdale Co., Inc.,* 725 F.Supp. 1525, 1531 (D.Colo.1989); *Luna v. Denver,* 718 F.Supp. 854, 857 (D.Colo.1989); *Dime Box Petroleum Corp. v. Louisiana Land and Exploration Co.,* 717 F.Supp. 717, 720 (D.Colo.1989); *I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882, 887 (Colo. 1986); *Tuttle,* 797 P.2d at 827; *Cronk,* 765 P.2d at 623. *See generally De Rubis v. Broadmoor Hotel, Inc.,* 772 P.2d 681, 682 (Colo.App.1989). Whether the policy statements issued by defendant gave rise to an enforceable contract right is a question of fact which should be resolved by the jury.

*Covenant of Good Faith and Fair Dealing:*

■ Colorado courts are generally unwilling to incorporate a covenant of good faith and fair dealing into employment contracts. *Farmer v. Central Bancorporation, Inc.,* 761 P.2d 220, 222 (Colo.App. 1988); *Montoya v. Local Union III,* 755 P.2d 1221, 1225 (Colo.App.1988); *Pittman v. Larson Distrib. Co.,* 724 P.2d 1379, 1385 (Colo.App.1986).

Mention of a failure to follow personnel procedures alone is insufficient ... Such an allegation of unfair dealing in a terminable at-will contract, unlike an allegation of a breach of contract, does not state a claim for which relief can be granted under Colorado law.

*Corporon v. Safeway Stores, Inc.,* 708 P.2d 1385, 1390 (Colo.App.1985). Plaintiff cannot raise a claim for breach of an implied covenant of good faith.

In the present case, however, plaintiff alleges that an express covenant of good faith and fair dealing was created through the issued policy statements. *See generally Price v. Federal Express Corp.,* 660

F.Supp. 1388, 1391–1395 (D.Colo.1987).[5] As stated earlier, the creation of an express contract is a question of fact for the jury. Whether the policy statements were too vague to constitute an express agreement is likewise a question for the jury.

*Title VII Pre-emption:*

■ Defendant lastly maintains that plaintiff's claims are preempted by Title VII. Defendant cites *Snider v. Circle K Corp.,* 923 F.2d 1404, 1408–09 (10th Cir. 1991), in support of this proposition. In *Snider,* the Tenth Circuit held a plaintiff seeking relief for breach of a Title VII settlement agreement was not entitled to a jury trial. The appellate court did not specifically address whether Title VII preempts state contract claims. Plaintiff refers the court to *Johnson v. Celsius Energy Co.,* No. C88–0227–B, slip op., 1989 WL 260154 (D.Wyo. February 28, 1989). In that case, Chief Judge Brimmer held that a provision in an employee handbook prohibiting unlawful discrimination could be found by a jury to negate employment at will. *Id.* at 9–10. Plaintiff has properly raised state claims which are not pre-empted by Title VII.

ACCORDINGLY, IT IS ORDERED that defendant Sun's Motion for Partial Summary Judgment is DENIED.