Richard CLARK, Plaintiff,

v.

TOWN OF KERSEY, et al., Defendants.

Civil Action No. 96–WM–605.

United States District Court,
D. Colorado.

Aug. 8, 1997.

Thomas Hellerich, Doyle, Otis, Frey & Hellerich, Greeley, CO, for Plaintiff.

Robert Liechty, Halaby, Cross, Liechty & Schluter, Denver, CO, for Defendant.

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND

MILLER, District Judge.

Before me is defendants' motion for summary judgment for dismissal of plaintiff's due process and state law contract claims. Because I find that genuine issues of material fact exist on those claims, I deny the motion as to them. However, I do dismiss the individual members of the Board of Trustees on the basis of qualified immunity. In addition, based upon the parties' stipulation and other considerations, I remand plaintiff's claim asserted under Colo.R.Civ.P. 106.

*Background*

The following facts are based on the undisputed facts set forth in the parties' briefs. Plaintiff Richard Clark was the Chief of Police for the Town of Kersey, Colorado (the Town), from 1987 until his termination in September 1995. The defendants are the Town, its Board of Trustees (the Board), and

the individual members of the Board of Trustees (the Trustees).

On September 5, 1997, the Board gave plaintiff a notice of pre-termination hearing; the notice set forth thirteen alleged deficiencies in plaintiff's performance upon which the hearing would be held. Plaintiff was placed on administrative leave pending the hearing. Although the hearing was originally scheduled for September 7, 1995, it was continued until September 22, 1995, at the request of plaintiff's counsel.

Prior to the hearing, plaintiff and his counsel reviewed some of the evidence of the claimed deficiencies. He was represented by counsel at the hearing and was allowed to call and cross-examine witnesses. However, plaintiff denied being given notice or explanation of evidence concerning some of the charges. Ultimately, plaintiff objected to the procedure at the hearing, requesting that the defendants comply with the Town's Policy Statement and the Kersey Police Department Standard Operation and Procedure Manual. Russell Anson, an attorney acting as the hearing officer, held that the section of the Town's Policy Statement at issue set forth procedures for resolving citizen's complaints against Town employees rather than for processing employment disputes.

At the hearing, the Board sustained four of the thirteen alleged deficiencies and decided, by a vote of four members to three, to dismiss plaintiff. On October 10, 1995, the Board authorized the Mayor of the Town to sign an order of termination.

Plaintiff asserts four claims for relief stemming from his termination: (1) that the defendants' actions in failing to follow the Town's Policy Statement were arbitrary and capricious, Colo.R.Civ.P. 106(a)(4); (2) violation of due process, 42 U.S.C. § 1983; (3) breach of contract; and (4) breach of implied covenant of good faith and fair dealing.

Although plaintiff originally sought damages, reinstatement, and a declaration nulli-

fying his termination, he has accepted another position during the pendency of this lawsuit, and the parties agree that reinstatement and/or nullification of termination are no longer viable remedies.

### Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The adverse party must set forth specific facts showing that there is a genuine issue for trial. The court views the record in the light most favorable to the party opposing the motion. *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241, 1245 (10th Cir. 1996). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Under the *Erie* doctrine, a federal court sitting in diversity must apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.,* —— U.S. ——, ——, 116 S.Ct. 2211, 2219, 135 L.Ed.2d 659 (1996); *Sender v. Simon,* 84 F.3d 1299, 1303 (10th Cir.1996). Plaintiff's state law claims are governed by the law of Colorado.

### Rule 106 Issue

Plaintiff's first claim is asserted under Rule 106 of the Colorado Rules of Civil Procedure, which provides for certiorari review of judicial or quasi-judicial decisions of state governmental bodies or officers.[1] I requested supplemental briefing by the parties on the issue of whether I have jurisdiction over a Rule 106 proceeding, which has no counterpart under the Federal Rules of Civil Procedure.

The parties disagree. Plaintiff contends that I may exercise supplemental jurisdiction

---

1. Rule 106(a)(4) provides in pertinent part:
(4) Where any governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law:

(I) Review shall be limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer.

over the claim pursuant to 28 U.S.C. § 1367. Defendants argue that I do not have jurisdiction over the claim, relying on language in the rule that "relief may be obtained in the district court by appropriate action under the practice prescribed in the Colorado Rules of Civil Procedure[.]" Colo.R.Civ.P. 106. Defendants read the reference to the state rules as conferring exclusive jurisdiction in the state courts: because federal courts follow the federal rules under Erie, defendants conclude, "this Court cannot comply with Rule 106."

Defendants' interpretation of this language ignores cases in which this Court has at least considered Rule 106. *See, e.g., Alpine Christian Fellowship v. County Commn'rs*, 870 F.Supp. 991 (D.Colo.1994) (Rule 106 was not an exclusive remedy and did not bar federal constitutional claims); *Erickson v. Board of County Comm'rs*, 801 F.Supp. 414 (D.Colo. 1992) (declining to exercise pendent jurisdiction over Rule 106 claim); *Geralnes B.V. v. City of Greenwood Village*, 583 F.Supp. 830 (D.Colo.1984) (Rule 106 did not apply in zoning case where plaintiff's claims were for breach of contract rather than challenge to zoning action); *Adolph Coors Co. v. Colorado Civil Rights Comm'n*, 5 Empl. Prac. Dec. P 8436 (D.Colo.1971) (setting aside decision of Commission upon Rule 106 review).

None of these cases addresses the Erie or jurisdictional aspects of proceeding with a Rule 106 claim in federal court. Certainly the thought of federal review of the acts of a small town board for abuse of discretion causes at least me to pause.[2] Absent a federal issue, should this Court involve itself in inherently local issues? Although neither counsel for the parties nor I have found any cases resolving this issue, I find it unnecessary to do so in this case because the parties have now stipulated that the Rule 106 claim should be remanded.

The federal courts are courts of limited jurisdiction and cannot act in the absence of constitutional and statutory authority. *United States v. Hardage*, 58 F.3d 569, 574 (10th

Cir.1995). Because it is at least questionable whether I may conduct a hearing pursuant to state procedural rules to review an action taken by a local governmental body or officer, I accept the parties' stipulation and order that this claim be remanded.[3] *See Quackenbush v. Allstate Ins. Co.*, —— U.S. ——, ——, 116, S.Ct. 1712, 1720–21, 135 L.Ed.2d 1 (1996) (recognizing that federal courts may decline to exercise jurisdiction where warranted by "regard for federal-state relations").

### Qualified Immunity of Individual Defendants

■ The Trustees have asserted the defense of qualified immunity. Under this defense, they are immune from liability unless they knew or reasonably should have known that their actions would violate plaintiff's clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 815–17, 102 S.Ct. 2727, 2737, 73 L.Ed.2d 396 (1982). In the motion for summary judgment, defendants contend that plaintiff has not demonstrated that they knew the process granted plaintiff did not comport with constitutional procedures which were clearly established at the time of plaintiff's termination.

In response, plaintiff does not even attempt to show that the individual defendants knowingly failed to comply with constitutional due process in terminating plaintiff. Instead, he argues that they should not be immune because they failed to follow the Town's procedures, failed to conduct an independent investigation, failed to follow provisions of the Police Manual, and did not terminate plaintiff for cause. He concludes: "Defendants violated clearly established rules and procedures they had adopted and Defendants are not entitled to qualified immunity." Response at 13.

That argument is misguided. Violations of local rules are not presumptively violations of constitutional rights at issue here, namely due process rights in employment termi-

---

**2.** There is, of course, no question that an alleged constitutional deprivation by a small town or anyone else is properly before this Court.

**3.** Remand is also proper in this case pursuant to 28 U.S.C. § 1367 because the question of wheth-

er the governmental entity acted in a judicial or quasi-judicial capacity predominates over the remaining federal and state claims. *Erickson v. Board of County Commissioners*, 801 F.Supp. 414 (D.Colo.1992).

nation under *Board of Regents v. Roth,* 408 U.S. 564, 576–80, 92 S.Ct. 2701, 2709–10, 33 L.Ed.2d 548 (1972), and *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). *See Mangels v. Pena,* 789 F.2d 836, 838 (10th Cir. 1986) ("A failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause"). Since plaintiff wholly failed to demonstrate how the individual defendants knew or should have known their actions violated those constitutional rights, he has not overcome the qualified immunity defense. Therefore, summary judgment is proper for the individual defendants.

### Due Process and Contract Claims

■ Plaintiff's remaining claims, for violation of due process, breach of contract, and breach of implied covenant of good faith and fair dealing, turn on the nature of his employment relationship with the Town.

Defendants argue that plaintiff was an at-will employee. If they are correct, plaintiff did not have a property right in his employment which is entitled to due process considerations and does not have a basis for his claims for breach of contract and breach of implied duty of good faith and fair dealing. *Board of Regents v. Roth,* 408 U.S. at 576–80, 92 S.Ct. at 2709–10. In the alternative, defendants contend that the pre-termination hearing complied with the requirements of *Cleveland Bd. of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494, and that there is insufficient evidence of bias on the part of defendants in holding the hearing and terminating plaintiff's employment.

Plaintiff concedes that he had no written contract of employment with the Town, but he contends that the Policy Statement and the Police Manual create an implied contract under which he had an expectation of continued employment and could be discharged only for cause.

Whether plaintiff had a property interest in continued employment with the Town is a question of state law. *Patrick v. Miller,* 953 F.2d 1240, 1244 (10th Cir.1992). In Colorado, an employment relationship is presumed to be at-will.

> Under Colorado law, an individual hired for an indefinite period of time is an at-will employee whose employment can be terminated by either party without cause and without notice. Generally, an at-will employee's termination will not give rise to a cause of action. An employer may be held liable for the discharge of an otherwise at-will employee, however, where an implied contract arises out of company policy or employment manuals, or where an employee relies on the policies and manuals to his detriment.

*Orback v. Hewlett–Packard Co.,* 909 F.Supp. 804, 808 (D.Colo.1995) (internal citations omitted), aff'd, 97 F.3d 429 (10th Cir.1996).

■ To succeed on an implied contract theory and avoid the implications of at-will employment, an employee must demonstrate that "in promulgating the [employment manual or policy] the employer was making an offer to the employee" and that the employee's "initial or continued employment constituted acceptance of and consideration for those procedures." *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 711 (Colo.1987); *Vasey v. Martin Marietta Corp.,* 29 F.3d 1460, 1464 (10th Cir.1994). An offer in the form of a company policy or employment manual must be communicated to the employee and must be "sufficiently definite to enable the court to determine whether the contract has been performed." *Orback, at* 808 (internal citations omitted).

Importantly for consideration of these matters in the context of defendant's motion for summary judgment, the existence of an implied contract is normally a question of fact for the jury. *Id.* Although the issue may be decided as a matter of law in certain circumstances, I do not find that this case falls within any exception to this general rule.[4]

---

4. The exceptions include circumstances where there is a valid disclaimer that the policies are not intended to create a contract, where the alleged promises are merely vague assurances, or where undisputed facts otherwise indicate that the employer did not intend the policy or manual to constitute a contractual offer to the employee. *Orback,* at 808.

Viewing the evidence in the light most favorable to plaintiff, I find that a genuine issue of material fact exists regarding whether the Policy Statement constituted an implied employment contract between the Town and plaintiff. Because the determination of this factual issue is a prerequisite to resolution of plaintiff's due process and contractual claims, summary judgment for defendants on these claims is not possible.[5]

### Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted as to the individual Trustees and denied as to plaintiff's constitutional and state law contract claims. Plaintiff's claim for Rule 106 review is remanded to the District Court for Weld County, Colorado.

---

5. The Colorado Court of Appeals has "declined to recognize the existence of an implied covenant of good faith and fair dealing in the context of otherwise at-will employment contracts." *Deck-er v. Browning–Ferris Indus.*, 931 P.2d 436, 442 (Colo.1997) (citing *Farmer v. Central Bancorporation, Inc.*, 761 P.2d 220, 221–22 (Colo.App. 1988)).