F I L E D
United States Court of Appeals
Tenth Circuit

JAN 27 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SIMPLICIO G. TORREZ,

     Plaintiff-Appellee,

v.

BEI GRAPHICS CORPORATION,

    Defendant-Appellant.

No. 96-1436
(D.C. No. 94-N-2086)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant appeals[1] from a judgment entered in favor of plaintiff, following

a jury trial, on his claims that defendant unlawfully discharged him from his

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

employment because he is Hispanic, see 42 U.S.C. § 1981; 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and breached an implied-in-fact employment contract. Upon review of the record and the parties' arguments on appeal, we affirm.

I.      BREACH OF CONTRACT

Defendant argues that the district court erred in denying its motions for the entry of judgment as a matter of law. See Fed. R. Civ. P. 50. It claims disclaimers preclude defendant's employment manual from creating contractual obligations between defendant and its employees, and equal opportunity statements contained in the manual are too vague to do so. We review de novo the district court's denial of a motion for judgment as a matter of law, and reverse only if the evidence points but one way and is not susceptible to any reasonable inferences supporting the nonmoving party. See Yearous v. Niobrara County Mem'l Hosp., 128 F.3d 1351, 1353 (10th Cir. 1997).

Under Colorado law, an implied contract can arise from an employment manual or handbook. See, e.g., Frymire v. Ampex Corp., 61 F.3d 757, 769 (10th Cir. 1995). To establish that an employment manual creates contractual obligations, the employee must show that the employer's actions manifest to a reasonable person an intent to be bound by the provisions of the document. See id.; see also, e.g., Evenson v. Colorado Farm Bureau Mut. Ins. Co., 879 P.2d 402, 408-09 (Colo. Ct. App. 1993). Ordinarily, the issue of whether a contract exists

is one of fact to be resolved by the jury, see, e.g., Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1464 (10th Cir. 1994) (applying Colorado law), unless, for example, there is a clear and conspicuous disclaimer indicating the employer did not intend to create a contract or the alleged promises are too vague, see, e.g., Clark v. Town of Kersey, 973 F. Supp. 1217, 1220 & n.4 (D. Colo. 1997) (applying Colorado law).

The employment manual at issue here contains several disclaimers indicating that the manual does not change the at-will nature of plaintiff's employment with defendant. The district court correctly held that these disclaimers did not defeat plaintiff's contract claim, which was not premised on a right not to be terminated without cause or without application of required procedural protections. The court instead focused on the representations in the employment manual that defendant would not treat its employees in a discriminatory manner. Cf. Stahl v. Sun Microsystems, Inc., 775 F. Supp. 1394, 1396 & n. 3 (D. Colo. 1991), aff'd, 19 F.3d 533 (10th Cir. 1994) (disclaimer indicating employment relationship was at-will is not relevant to claim of failure to follow employment manual's procedures regarding reassignment of territory).

Despite its disclaimer of the creation of any contractual obligations, the employment manual also contains express language mandating that defendant not discriminate against its employees when hiring, discharging, transferring or

promoting them. This is sufficient to create a triable issue of fact as to whether the defendant intended to enter into a contractual obligation with its employees. See, e.g., Evenson, 879 P.2d at 409.

Moreover, defendant's management personnel indicated that they viewed the provisions of the employee handbook as mandatory. See Mariani v. Rocky Mountain Hosp. & Med. Serv., 902 P.2d 429, 435 (Colo. Ct. App. 1994) (citing Evenson as holding that even if employment manual contains disclaimer and includes language making disciplinary procedures discretionary, rather than mandatory, issue of existence of contract should be submitted to jury if supervisors treated provisions of manual as mandatory), aff'd on other grounds, 916 P.2d 519, 523 (Colo. 1996). For these reasons, the district court did not err in submitting to the jury the question of whether defendant's employment manual created a contract between defendant and its employees.

Defendant also argues that the equal opportunity statements in its employment manual were too vague to create any binding contractual obligation. Unlike cases in which courts have held that general statements of fair treatment and equal opportunity are too vague to create a binding contractual obligation under Colorado law,[2] the language at issue here, in addition to providing that

---

[2] See Vasey, 29 F.3d at 1465-66 (general statement regarding commitment to affirmative action insufficient to support contract claim); Fejes v. Gilpin

(continued...)

-4-

defendant is committed to having a fair employment policy, specifically mandates that "[a]ll persons having the authority to hire, discharge, transfer or promote personnel shall support, without reservations, a non-discriminatory policy of hiring or transferring to any vacancy, any qualified applicant without regard to race, color, religion, national origin, age, sex or otherwise qualified handicapped or disabled." Rec., Vol. I at 101. This language is sufficient to establish a triable fact as to whether the parties entered into a contract requiring defendant to refrain from discriminating against its employees. See Stahl v. Sun Microsystems, Inc., 19 F.3d 533, 536-37 (10th Cir. 1994) (employment manual's statement that employer would treat it employees equitably and fairly, in addition to elaborate compensation plan, is sufficient to support finding of existence of contract); Tuttle v. ANR Freight Sys., Inc., 797 P.2d 825, 827-28 (Colo. Ct. App. 1990) (employment handbook indicating employer's commitment to providing fair and equitable working environment and fair compensation to its employees, together with detailed compensation policies, is sufficient to create triable issue of fact as to existence of contract).

---

[2](...continued)
Ventures, Inc., 960 F. Supp. 1487, 1496 (D. Colo. 1997) (applying Colorado law; holding language in employment handbook stating employer does not and will not discriminate was insufficient to serve as basis for contract claims).

Lastly, defendant asserts that the district court erred in analyzing plaintiff's breach of contract claim under a theory of promissory estoppel. Defendant failed to raise this issue before the district court. See Sac & Fox Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995) (absent jurisdictional or manifest error, this court will not address issue raised for first time on appeal). In any event, this argument is meritless.

## II.    DISCRIMINATORY DISCHARGE

Defendant argues that the trial court erred in denying its motion for summary judgment because plaintiff failed to establish a prima facie case of discrimination. When a discrimination claim has been fully tried to the jury, the issue of whether plaintiff established a prima facie case drops out and we consider only whether plaintiff has proved discrimination at trial. See Coleman v. B-G Maintenance Management of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997) (citing Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 (10th Cir. 1994)). And, although defendant argues that the jury's finding of discrimination was contrary to the weight of the evidence, reviewing the record in the light most favorable to plaintiff, see Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co., 104 F.3d 1205, 1212 (10th Cir. 1997), we determine that there was sufficient evidence to support the jury's determination.

Defendant challenges the trial court's refusal to give its proposed jury instructions which would have required the jury to consider that defendant replaced plaintiff with another Hispanic male. This court reviews the trial court's refusal to give a requested instruction only for abuse of discretion. See Harrison v. Eddy Potash, Inc., 112 F.3d 1437, 1442 (10th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3137 (Aug. 6, 1997) (No. 97-232). The trial court did not instruct the jury on the elements of a prima facie case; nor was it required to do so. See Messina v. Kroblin Transp. Sys., Inc., 903 F.2d 1306, 1307-09 (10th Cir. 1990). Defendant does not advance any authority that required the trial court to give these instructions. In the absence of such precedence, we cannot say that the district court abused its discretion in refusing to instruct the jury as requested.

Defendant next challenges several instructions the trial court did give to the jury -- including one addressing the agency relationship between a corporation and its employees, and another detailing plaintiff's theory of the case. This court reviews jury instructions de novo, inquiring whether the instructions, as a whole, "correctly stated the governing law and provided the jury with an ample understanding of the issues and applicable standards." Harrison, 112 F.3d at 1442. The jury instructions in this case correctly state the applicable law and properly focused the jury on the relevant inquiry. Contrary to defendant's

assertion, the trial court did not instruct the jury on a hostile work environment claim.

III.    RULE 60(b)(3) MOTION

Defendant challenges the district court's denial of its Fed. R. Civ. P. 60(b)(3) motion for relief from judgment, based upon plaintiff's post-trial admission that his attorney advised him to lie about the fact that plaintiff had consulted with an attorney prior to speaking with the Equal Employment Opportunity Commission.  The district court did not abuse its discretion in denying this motion.  See Anderson v. Department of Health & Human Servs., 907 F.2d 936, 952 (10th Cir. 1990).

The judgment is AFFIRMED.


                                        Entered for the Court


                                        Carlos F. Lucero
                                        Circuit Judge