**Beverly K. FERRERA,
Plaintiff–Appellant,**

v.

**A.C. NIELSEN, d/b/a Neodata Services,
Defendant–Appellee.**

**No. 89CA1479.**

Colorado Court of Appeals,
Div. V.

Sept. 20, 1990.

William E. Benjamin, Boulder, for plaintiff-appellant.

Holland & Hart, Gregory A. Eurich, Peter M. Ludwig, Denver, for defendant-appellee.

Opinion by Judge COYTE *.

Plaintiff, Beverly K. Ferrera, appeals the summary judgment entered in favor of defendant, A.H. Nielsen Co., d/b/a Neodata Services, on her claim that she was wrongfully discharged from employment. We affirm.

Ferrera was employed by Neodata from 1980 until January 1987. Neodata had issued an employee handbook in 1982 and a new version in 1986. In her original complaint, Ferrera relied solely upon the 1986 handbook, and the 1982 version was not mentioned. It was only after she became aware of the earlier handbook through discovery that she asserted that she had relied upon that document as well.

Neodata had suspended Ferrera in 1985 after concluding that she had falsified her time card in violation of a company rule. In January 1987, Neodata concluded that Ferrera had again falsified her time card, and fired her.

Ferrera brought this action alleging wrongful discharge from employment under implied contract and promissory estoppel theories based on the employee handbook. Neodata moved for summary judgment. After Ferrera responded, the trial

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

court entered summary judgment on an issue not raised by the parties: that the 1986 handbook could not constitute a contract because it contained a disclaimer, and denied Ferrera's subsequent motion for relief from judgment.

## I.

■ Ferrera contends that the trial court erred by entering summary judgment on an issue not raised by the parties. We disagree.

Entry of summary judgment is error if the opposing party is denied an opportunity to demonstrate that summary judgment is inappropriate. *See Fountain v. Filson,* 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971 (1949); *Moore v. Georgeson,* 679 P.2d 1099 (Colo.App.1983). *See generally* 6 *Moore's Federal Practice,* 56.12 (2d ed. 1988).

Here, after entry of summary judgment, Ferrera requested and received an opportunity to respond to the new issue raised by the trial court. The court considered the authorities cited by Ferrera in her motion to reconsider and permitted her to submit a copy of the 1982 handbook and a brief based on it. We conclude that Ferrera was not prejudiced by the trial court's entry of summary judgment because she had an adequate opportunity to show why judgment should not have been entered. Any error was harmless. *See* C.R.C.P. 61.

## II.

Ferrera contends that the 1982 handbook, which contained no disclaimer, limited Neodata's right to discharge her, and that it was this handbook, rather than the 1986 handbook, that applied to her. We disagree.

We note that Ferrera admitted in her motion for relief from judgment that she was not aware of the provisions of the 1982 handbook. But, in any event, we need not consider whether the 1982 handbook contained language sufficient to establish a contract limiting the right to discharge employees because we conclude that it was superseded by the 1986 handbook.

■ Although the 1982 handbook contained no express reservation of the employer's right to modify the handbook, the reservation is presumed. *See* H. Perritt, *Employee Dismissal Law & Practice* § 4.19 (2d ed. 1987). It would be unreasonable to think that an employer intended to be *permanently* bound by promises in a handbook, leaving it unable to respond flexibly to changing conditions.

■ Contracts that call for continuing performance of indefinite duration are ordinarily not construed to be permanent. *See* 1 A. Corbin, *Contracts* § 96 at 413–14 (1963). An employer's unilateral offer in a handbook will therefore ordinarily be construed as a promise not to discharge any employee without cause or without following specified procedures, unless the handbook is changed, and the employee is advised of such change, before a discharge. *Hoffman–LaRoche, Inc. v. Campbell,* 512 So.2d 725 (Ala.1987); H. Perritt, *Employee Dismissal Law & Practice* § 4.19, *supra. See In re Certified Question,* 432 Mich. 438, 443 N.W.2d 112 (1989).

Accordingly, we conclude that Neodata, by implication, reserved the right to modify the 1982 handbook and that it exercised that right by issuing the 1986 handbook.

## III.

Ferrera contends that the trial court erred in entering summary judgment on her breach of contract and promissory estoppel claims, arguing that the 1986 handbook constituted a contract limiting Neodata's right to discharge employees. We disagree.

■ Statements made in an employee handbook limiting an employer's right to discharge employees may be the basis for breach of implied contract and promissory estoppel claims by discharged employees. *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708 (Colo.1987).

Under an implied contract theory, such statements must be a manifestation of the employer's willingness to enter into a bargain that would justify the employee in understanding that his or her assent was

invited.  Under a promissory estoppel theory, the promise must be one which the employer should reasonably have expected the employee to consider as a commitment from the employer.  *Continental Air Lines, Inc. v. Keenan, supra.*

The 1986 handbook at issue here did not expressly require either just cause for discharge of employees or that the employer apply "progressive discipline" in all cases.  *Cf. Dickey v. Adams County School District No. 50,* 773 P.2d 585 (Colo. App.1988), *aff'd,* 791 P.2d 688 (Colo.1990) (handbook expressly required "just and good causes" for dismissal); *Cronk v. Intermountain Rural Electric Ass'n,* 765 P.2d 619 (Colo.App.1988) (handbook required just cause for dismissal).  Instead, it expressly reserved the right to discharge an employee whose conduct "in the opinion of the Company" warrants it.

Moreover, the handbook contains the following disclaimer on page one:

"IMPORTANT

"This Handbook is not a contract but merely a condensation of various Company policies, procedures, and employee benefits to assist you in the conduct of Company business....

"Management has the right to change the policies and benefits of the Company in accordance with the needs of the business without notice.

"The information contained in this Handbook is the most current at this time and supersedes all previous Handbooks by Neodata Services."

Summary judgment denying claims based on a handbook is appropriate if the employer has clearly and conspicuously disclaimed intent to enter a contract limiting the right to discharge employees.  *See Therrien v. United Air Lines, Inc.,* 670 F.Supp. 1517 (D.Colo.1987).

Here, the disclaimer was sufficiently clear to inform employees that Neodata did not intend to be bound by the provisions of the handbook.  *See, e.g., Castiglione v. Johns Hopkins Hospital,* 69 Md.App. 325, 517 A.2d 786 (1986), *cert. denied,* 309 Md. 325, 523 A.2d 1013 (1987).  *Aiello v. Unit-*ed Air Lines, Inc.,* 818 F.2d 1196 (5th Cir. 1987); *Preston v. Claridge Hotel & Casino,* 231 N.J.Super. 81, 555 A.2d 12 (1989).

The disclaimer was also sufficiently conspicuous.  It was labeled "IMPORTANT" and was placed on the first page of the handbook.  Ferrera signed an acknowledgement that she received a copy of the handbook, and alleged that she had read it.

Under these circumstances, we agree with the trial court that, as a matter of law, the 1986 handbook did not constitute a contract limiting Neodata's right to terminate employees.

*Cronk v. Intermountain Rural Electric Ass'n, supra,* does not require a different result.  There, summary judgment was improper despite the presence of a disclaimer because the handbook included language requiring just cause for discharge.  Here, by contrast, there was no such language.  Moreover, excerpts from the record in *Cronk* submitted to the trial court in this case show that there the disclaimer was inconspicuously placed in an appendix to the handbook.

We conclude that the record establishes as a matter of law that Neodata made no promise in the 1986 handbook on which plaintiff could base an implied contract or promissory estoppel claim.

The judgment is affirmed.

CRISWELL and PLANK, JJ., concur.