Donna ALLABASHI, Plaintiff–Appellee
and Cross–Appellant,

v.

LINCOLN NATIONAL SALES CORPO-
RATION OF COLORADO–WYOMING,
a Colorado corporation, and Lincoln
National Sales Corporation of Ft.
Wayne, Indiana, an Indiana corpora-
tion, Defendants–Appellants and Cross–
Appellees.

No. 89CA1346.

Colorado Court of Appeals,
Div. I.

Jan. 31, 1991.

Rehearing Denied Feb. 28, 1991.

Burke & Castle, P.C., Dana F. Strout, Damas and Associates, Stanislaw S. Damas, Denver, for plaintiff-appellee and cross-appellant.

Sherman & Howard, Charles W. Newcom and Susan I. Strong, Denver, for defendants-appellants and cross-appellees.

Opinion by Judge PLANK.

Defendants, Lincoln National Sales Corporation of Colorado–Wyoming (Denver Agency) and its parent corporation, Lincoln National Sales Corporation of Fort Wayne, Indiana, appeal the judgment entered on the jury verdict awarding plaintiff, Donna Allabashi, damages for emotional distress on her breach of employment contract/wrongful discharge claim. Plaintiff cross-appeals the trial court's order denying her an award of prejudgment interest. We affirm.

Plaintiff worked for the Denver Agency sporadically from 1958 through 1973, performing clerical duties. In 1974, the Denver Agency's president, Vasil Allabashi, who later became her husband, hired plaintiff to work on a full-time basis. She worked continuously for defendants as second-in-command at the Denver Agency until December 16, 1986, when both she and her husband were terminated.

This case arises out of the circumstances surrounding plaintiff's termination. Plaintiff alleged in her complaint that the discharge was wrongful and in breach of her implied employment contract. She alleged that the defendants failed to follow the termination policies and procedures contained in documents provided to her by defendants. Plaintiff also asserted a claim for willful and wanton breach of contract.

After trial, the jury returned a verdict in plaintiff's favor awarding her no economic damages but $250,000 for emotional distress as a result of a willful, wanton, and insulting breach of contract.

Because the trial court's entry of judgment did not include interest, plaintiff moved under C.R.C.P. 59 and 60 for interest, which the court denied.

## I.

Defendants contend that the trial court erred in failing to grant their motion for judgment notwithstanding the verdict on plaintiff's breach of contract/wrongful discharge claim. We disagree.

Generally, an employee hired for an unspecified period of time is presumed to be an "at-will employee" whose employment may be terminated without cause or notice and such termination does not give rise to a cause of action. To rebut this presumption and enforce termination procedures found in an employee manual or handbook, an employee must demonstrate that the manual or handbook created an implied contract or must prove a claim of promissory estoppel. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987).

Here, defendants argue that a disclaimer in the employee manual prevented the formation of an implied contract as a matter of law. The disclaimer provides that employees are hired "for no fixed period of time" and that employment "may be terminated by the employee or the Company at will." However, the holding in *Cronk v. Intermountain Rural Electric Ass'n*, 765 P.2d 619 (Colo.App.1988) is to the contrary, and we find that ruling dispositive here.

In the situation at issue in *Cronk*, despite the existence of a disclaimer, we found that factual issues were present as to whether a contract incorporating the terms of the handbook existed. Accordingly, we reversed a summary judgment that had been entered for the employer. Similarly, here, facts are in the record which create an issue as to whether an employment contract existed.

Although the employee handbook contains a disclaimer, other documents provided to plaintiff contain termination procedures and policies. These policies require just cause for involuntary termination and provide for specific procedures to be followed in the event of such a dismissal. Plaintiff testified that she relied on these policies and procedures. Moreover, plaintiff worked for years in a personnel capacity and had attended at least one seminar conducted by defendants to guide her on the termination policies and procedures. She testified that she heard no mention of "employment-at-will" at the seminar.

This matter is distinguishable from the recent case of *Ferrera v. Nielsen*, 799 P.2d 458 (Colo.App.1990). In *Ferrera*, we held that summary judgment was proper in a wrongful termination action based on the employee handbook. We concluded that the handbook contained no promise upon which plaintiff could base an implied contract or promissory estoppel claim. There, the handbook did not contain provisions requiring just cause for dismissal, and it further contained a conspicuous, express disclaimer stating that it should not be considered a contract. In addition, the employee signed an acknowledgement that she had received a copy of the handbook and had read it. No evidence was presented indicating the employee's justifiable reliance on the terms of the handbook.

A verdict can be set aside and judgment notwithstanding the verdict entered only if the evidence is such that reasonable persons could not reach the same conclusion as the jury. *Thorpe v. Durango School District No. 9-R*, 41 Colo.App. 473, 591 P.2d 1329 (1979), *aff'd*, 200 Colo. 268, 614 P.2d 880 (1980).

Here, a reasonable jury could have found from the evidence that an employment contract existed. Thus, since the jury was properly instructed, its finding on breach of contract/wrongful discharge must stand.

Based on the foregoing, we decline to address the other arguments raised by defendants on this issue.

## II.

■ Defendants also contend that the trial court erred in denying its motion for judgment notwithstanding the verdict on plaintiff's claim for willful and wanton breach of contract. We do not agree.

Plaintiff presented evidence to support her claim that the breach of contract was accompanied by willful or wanton conduct of defendants. Defendants did not follow the termination procedures outlined in the documents provided to plaintiff. Furthermore, plaintiff testified that the reason given to her for her termination was that she was the wife of an agency head who was being terminated. Defendants feared a conflict would result if plaintiff's husband became an executive with a competing company. However, despite plaintiff's numerous years of service, defendants did not discuss this concern with her before they decided to fire her.

In addition, no one from the company, other than her husband, personally notified plaintiff of the decision. She initially received the information second-hand, through her husband after his own termination. Later, she received a letter which gave her no reason for the termination but merely explained her benefits. The letter did not contain an original signature, only a "signature stamp" of the director of Human Resources.

The jury was properly instructed on the definition of willful, wanton, and insulting breach, and it could have viewed this conduct as willful, wanton, or insulting. Therefore, it was not error for the court to deny defendants' motion for judgment notwithstanding the verdict on this claim. *Thorpe v. Durango, supra.*

## III.

◼ Defendants claim that the exclusivity provisions of the Workers' Compensation Act bar plaintiff's action for emotional distress damages. We disagree.

A cause of action for damages for mental suffering *resulting from* a breach of an employment contract is not precluded by the Workers' Compensation Act. *Hoffsetz v. Jefferson County School District No. R–1,* 757 P.2d 155 (Colo.App.1988).

Here, plaintiff does not seek damages for emotional distress that she incurred while an employee of defendants, nor for damages resulting from an incident that occurred while she was an employee. *Cf. In re Question Submitted by U.S. Court of Appeals,* 759 P.2d 17 (Colo.1988). Instead, she alleges that she suffered emotional harm as a result of defendants' breach of her employment contract. Thus, under the *Hoffsetz* rule, recovery is not exclusively limited to workers' compensation benefits.

## IV.

◼ Defendants next argue that emotional injury damages should not be recoverable for a breach of an employment contract. However, damages for emotional distress may be awarded in a breach of contract action when the breach is willful and wanton. *Westfield Development Co. v. Rifle Investment Associates,* 786 P.2d 1112 (Colo.1990). And, we reject defendants' contention that they are inappropriate when an employment contract is the agreement at issue. Thus, such damages could properly be awarded here.

## V.

◼ Defendants last argue that the jury's award of $250,000 for emotional injury damages is excessive as a matter of law. Again, we disagree.

The amount of damages awarded for emotional distress resulting from a willful, wanton, or insulting breach of contract is a matter solely within the province of the jury. The award will not be disturbed unless it is completely unsupported by the record. *Smith v. Hoyer,* 697 P.2d 761 (Colo.App.1984).

Here, plaintiff's husband and a co-worker both testified that plaintiff's behavior changed after the discharge. Testimony was presented that plaintiff cried often, suffered sleeplessness, and experienced a loss of self-esteem.

◼ Plaintiff's failure to consult a physician or other professional or to offer expert testimony on this issue does not preclude an award of damages. *Smith v. Hoyer, supra.*

As plaintiff presented evidence of mental suffering, and in light of the difficulty of translating this suffering into dollar amounts, we cannot disturb the jury's award. *Smith v. Hoyer, supra.*

## VI.

◼ Plaintiff cross-appeals the trial court's denial of her request for interest. She argues that she was entitled to prejudgment interest under § 5–12–102, C.R.S. (1990 Cum.Supp.). We disagree.

Section 5–12–102(1)(a) provides for a creditor to receive interest:

"When money or property has been wrongfully withheld ... [in] an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of the wrongful withholding to the date of payment or to the date judgment is entered...."

One who is damaged by a breach of contract is entitled under § 5–12–102 to interest on the amount awarded for the breach from the date of the breach. *Mesa Sand & Gravel Co. v. Landfill, Inc.,* 776 P.2d 362 (Colo.1989).

Plaintiff argues that under *Mesa Sand & Gravel Co.,* a broad construction of the statute requires interest to be awarded on all breach of contract damages, including emotional distress damages caused by a willful and wanton breach. We do not agree.

The purpose of the prejudgment interest statute is to discourage a person respon-

sible for payment of a claim from stalling or delaying payment until judgment or settlement:

"Section 5–12–102 recognizes the time value of money. It represents a legislative determination that persons suffer a loss when they are deprived of property to which they are entitled."

*Mesa Sand & Gravel Co. v. Landfill, Inc.,* *supra.*

The award of emotional distress damages is not intended to compensate for the wrongful delay in obtaining money or property. Neither the language nor the purpose of § 5–12–102 justifies awarding prejudgment interest for emotional distress damages. *Coale v. Dow Chemical Co.,* 701 P.2d 885 (Colo.App.1985).

We therefore conclude that the trial court properly denied plaintiff's request.

Judgment affirmed.

PIERCE and TURSI, JJ., concur.