53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Larry J. STEWART, Plaintiff-Appellant,
v.
WHITMIRE DISTRIBUTION CORPORATION, a Delaware corporation,
Defendant-Appellee.
 No. 94-1096.
 (D.C. No. 92-S-2292).
 United States Court of Appeals, Tenth Circuit.
 April 26, 1995.
 
 Before MOORE, McWILLIAMS, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 MOORE
 
 1
 Larry J. Stewart appeals the district court's grant of summary judgment for Whitmire Distribution Corporation on claims arising from his termination from its employment at the age of 40 years and 10 months. The facts of this case are well known to the parties, so they will not be repeated here except to clarify a point. There are three issues raised in the case: 1) breach of contract; 2) promissory estoppel; and 3) age discrimination. We shall deal with these contentions in order.
 
 
 2
 Mr. Stewart appeals the district court's grant of summary judgment for Whitmire on his breach of contract claim. Mr. Stewart argues under Colorado law his status as an at-will employee was changed by Whitmire's unilateral publication of termination policies and procedures. Continental Air Lines, Inc. v. Keenan, 731 P.2d 708 (Colo.1987); Adams County Sch. Dist. No. 50 v. Dickey, 791 P.2d 688 (Colo.1990). Whitmire published a Managerial Guide containing progressive discipline and discharge procedures which Mr. Stewart claims were not followed.
 
 
 3
 The district court concluded there was no contract of employment, apparently finding the terms of the purported agreement too vague to form a meeting of the minds. Upon that basis, the court granted summary judgment. We believe that order was proper, but for a different reason.
 
 
 4
 This court reviews dispositions by summary judgment de novo, applying Fed.R.Civ.P. 56 identically to the district court. Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 796 (10th Cir.1993). On appeal, the evidence is viewed in the light most favorable to the party opposing the motion. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 5
 As argued by the parties, the crux of the issue is whether the disclaimers contained in the Managerial Guide were sufficiently conspicuous, under Colorado law, to avoid any implication of a contract of employment between the parties. See Ferrera v. Nielsen, 799 P.2d 458 (Colo.App.1990); Schur v. Storage Technology Corp., 878 P.2d 51 (Colo.App.1994).
 
 
 6
 Because the Managerial Guide contains the progressive discipline provisions, we focus upon it as the fundament of Mr. Stewart's breach of contract claim. At the beginning of the section entitled, "Terminations," the guide states:
 
 
 7
 This section on employee terminations has been drafted for distribution to supervisory employees only. It is not intended that it shall form a contract between the Company and its employees. Rather, it describes for supervisory employees the Company's general philosophy concerning termination decisions.
 
 
 8
 In addition, a separate section entitled, "Disciplinary Action," begins with this statement:
 
 
 9
 All employment with MWC, Inc. is for an unspecified term and may be terminated at the will of either the Company or the employee with or without notice to the other.
 
 
 10
 These disclaimers supplement a similar statement contained in a manual given to all employees. In a section entitled, "Personnel Services and Practices," and under the heading, "Employment Relationships," all employees are advised:
 
 
 11
 Your employment with Whitmire Distribution is not guaranteed for any specific duration. You are free to resign at any time. Also, Whitmire Distribution is free to terminate your employment at any time for any reason.
 
 
 12
 This "at-will" employment relationship cannot be changed except by a single written agreement executed both by you and by the President of Whitmire Distribution. In particular, no other representation by any member of management, whether oral or in writing, and no language in any other Whitmire Distribution document, shall have the effect of altering this "at-will" employment relationship.
 
 
 13
 Acknowledging these disclaimers, Mr. Stewart contends they do not preclude his breach of contract claim because, under Colorado law, a disclaimer may not necessarily prevent a contract from being created by an employee or personnel manual. Allabashi v. Lincoln Nat'l Sales Corp., 824 P.2d 1 (Colo.App.1991); Cronk v. Intermountain Rural Elec. Ass'n, 765 P.2d 619 (Colo.App.1988).[2]
 
 
 14
 Unfortunately, Colorado law on disclaimers is confusing at best. The presence of a disclaimer does not automatically demonstrate an employer did not manifest an intent to form a unilateral contract. If a disclaimer is clear and conspicuous, this demonstrates the company did not intend to be bound by the provisions of the handbook or manual. Ferrera, 799 P.2d at 461; Schur, 878 P.2d at 55. Thus, this case turns on whether the disclaimers are clear and conspicuous.
 
 
 15
 The Ferrera court emphasized how the disclaimer was clear and conspicuous by noting, "The disclaimer was also sufficiently conspicuous. It was labeled IMPORTANT' and was placed on the first page of the handbook." 799 P.2d at 461. Although the disclaimers in this case are not so prominent, they are conspicuously positioned at the head of the pertinent sections of material related to employment and discipline. In short, any employee looking at the material for company policy on these topics would see the disclaimers first. Under these circumstances, they are sufficiently set forth to negate the claim of implied contract.
 
 
 16
 Mr. Stewart argues he should be able to enforce the progressive discipline and discharge procedures using a promissory estoppel theory, citing Keenan, 731 P.2d at 712. Mr. Stewart asserts he made the necessary demonstration in this case precluding summary judgment against him.
 
 
 17
 In Keenan, the court held an at-will employment relationship could be modified by termination procedures found in an employee manual. Such modification could be demonstrated using promissory estoppel theories.
 
 
 18
 Alternatively, even if the requisites for formation of a contract are not found, the employee would be entitled to enforce the termination procedures under a theory of promissory estoppel if he can demonstrate that the employer should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow the termination procedures, that the employee reasonably relied on the termination procedures to his detriment, and that injustice can be avoided only by enforcement of the termination procedures.
 
 
 19
 Id.; see also Adams County, 791 P.2d at 693. The district court concluded Mr. Stewart failed to establish any of these three necessary elements of promissory estoppel. The court principally relied on the existence of the disclaimers to support its conclusion.
 
 
 20
 Because Whitmire made an initial showing that Mr. Stewart was an at-will employee, he had the burden of demonstrating a material issue of fact existed, thus negating resolution of the issue on summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). Mr. Stewart was required to set forth specific facts showing there was a genuine issue for trial. Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir.1993) (quoting Applied Genetics, 912 F.2d at 1241).
 
 
 21
 In his brief filed in the district court in opposition to summary judgment, Mr. Stewart claimed employees were aware of the progressive disciplinary policies and expected them to be followed. These statements were made in argument and referred to attached exhibits. The references, however, were grossly general and neither quoted specific testimony nor referred the district court to express statements for support. Instead, plaintiff merely cited exhibits by letter despite the fact these exhibits were, for the most part, transcripts of depositions. The record has not been clarified in this court other than by reference to entire transcripts of depositions which covered many topics. We, and the district court, have been left to speculate just what, of all that testimony, is germane to the issue of promissory estoppel.
 
 
 22
 The effort to carry plaintiff's summary judgment burden fell short of the mark in this case. Not only did plaintiff fail to show the district court what the disputed evidence was, but also he has failed to indicate to us where that evidence is located in the record. We have examined the exhibits to which he has made general reference, and we have found nothing concrete upon which we can rely that suggests the district court disregarded pertinent evidence or that the plaintiff otherwise should have carried the day. Under these circumstances, we are unwilling to speculate what evidence would support plaintiff's case. In short, we have found nothing in the record indicating Mr. Stewart can satisfy the Keenan test by showing defendant should reasonably have expected its employees, and Mr. Stewart in particular, to consider Whitmire bound to follow the progressive termination procedures.
 
 
 23
 Mr. Stewart argues the trial court erred in granting summary judgment on his age discrimination claim because he established a prima facie case. The district court made two alternative holdings, however. First, the court held Mr. Stewart failed to make a prima facie case. Second, the court held Mr. Stewart failed in his ultimate burden of proving Whitmire intentionally discriminated against him due to his age.
 
 
 24
 This court applies the standards developed in the Title VII context to ADEA cases. Schwager v. Sun Oil Co. of Pa., 591 F.2d 58, 60-61 (10th Cir.1979); EEOC v. Sperry Corp., 852 F.2d 503, 507 (10th Cir.1988). The three-step analytical framework developed by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981), governs ADEA cases as well. In recent years, the Supreme Court has added another facet to this analysis.
 
 
 25
 In St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742 (1993), the Court reversed the Eighth Circuit and held that once a plaintiff established pretext he was not automatically entitled to judgment as a matter of law. Once the defendant has offered a nondiscriminatory reason for the plaintiff's discharge, the Court explained what follows:
 
 
 26
 The presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture. The defendant's "production" (whatever its persuasive effect) having been made, the trier of fact proceeds to decide the ultimate question: whether plaintiff has proven "that the defendant intentionally discriminated against [him]" because of his race. The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons, will permit the trier of fact to infer the ultimate fact of intentional discrimination, and the Court of Appeals was correct when it noted that, upon such rejection, "[n]o additional proof is required." But the Court of Appeals' holding that rejection of the defendant's proffered reasons compels judgement for the plaintiff disregards the fundamental principle of Rule 301 that a presumption does not shift the burden of proof, and ignores our repeated admonition that the Title VII plaintiff at all times bears the "ultimate burden of persuasion."
 
 
 27
 Id. at 2749 (citations omitted; emphasis in original).
 
 
 28
 Whether the district court erred in holding Mr. Stewart established his prima facie case, a point we need not decide, makes no difference under Hicks because of the district court's second finding. Assuming plaintiff introduced some evidence Whitmire's reason for his discharge was a pretext, he still failed to present evidence that Whitmire's proffered reason was a pretext for age discrimination. Whitmire correctly points out the only evidence of age discrimination Mr. Stewart ever offered was his opinion it had taken place. Under the Court's Hicks paradigm, this is not enough.
 
 
 29
 To survive summary judgment, Mr. Stewart had to present statistical evidence of discrimination, a discriminatory pattern, or at least some kind of direct or circumstantial additional evidence pointing toward age discrimination. The district court correctly determined the record is devoid of such proof.
 
 
 30
 Finally, Whitmire argues Mr. Stewart's ADEA appeal is frivolous entitling it to attorney's fees and costs pursuant to Fed. R.App. P. 38. Whitmire argues Mr. Stewart ignores well-established Tenth Circuit precedent requiring ADEA and Title VII plaintiffs to fulfill their ultimate burden of proving intentional discrimination by evidence in addition to showing their employer's nondiscriminatory reason is a pretext for discrimination. Whitmire believes Mr. Stewart purposely ignored this dispositive precedent using "ostrich-like tactics." Borowski v. DePuy, Inc., 850 F.2d 297, 304-05 (7th Cir.1988). Such appellate litigation behavior justifies granting Whitmire sanctions under Rule 38. Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987) (en banc).
 
 
 31
 We do not believe Whitmire's request has merit on substantive grounds.[3] Mr. Stewart's ADEA claim turns on the application of Hicks, but Whitmire asserts Mr. Stewart ignores Tenth Circuit precedent in prosecuting his appeal. Although Whitmire is correct in noting we have followed a rule similar to Hicks since about 1988, Hicks resolved a circuit split on this issue. Since Hicks, we have decided only four cases, none of which address the precise issue raised by Mr. Stewart.[4] Under these circumstances, we do not think Mr. Stewart's ADEA appeal justifies the imposition of Rule 38 sanctions.
 
 
 32
 AFFIRMED.
 
 EBEL, Circuit Judge, concurring
 
 33
 I concur in the result reached in this Order and Judgment, but write separately to state that I disagree with the statement that a plaintiff must advance some affirmative evidence of age discrimination in addition to showing that the defendant's reasons for discharge were pretextual in order to avoid summary judgment for the defendant. As I read Tenth Circuit and Supreme Court law, I believe that a plaintiff may avoid summary judgment for the defendant if he proves a prima facie case and presents evidence that the reasons advanced for his discharge were pretextual. At the summary judgment stage, it is not necessary for the plaintiff to present any evidence that the real reason for his discharge was based upon age because the jury is permitted to make that inference from the mere fact of pretext alone. See St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993); Ingels v. Thiokol Corp., 42 F.3d 616, 622 n. 3 (10th Cir.1994); Durham v. Xerox Corp., 18 F.3d 836, 839-40 (10th Cir.1994). However, because I believe that the plaintiff has failed to present evidence that all of the defendant's reasons for discharging him were pretextual, I agree that summary judgment against the plaintiff was appropriate in this case.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Allabashi v. Lincoln Nat'l Sales Corp., 824 P.2d 1 (Colo.App.1991), does not help Mr. Stewart because it is distinguishable. In that case, the plaintiff testified she relied upon "other documents" and had heard no mention of "employment at will" in any conversation concerning her employment status. Id. at 3. The court does not specify the "other documents," but it seems clear they were documents other than the one containing the disclaimer
 
 
 [3]
 We reserve comment on whether the request is governed by Fed. R.App. P. 38, as amended. The new rule, effective following the filing of this appeal, predicates the award of sanctions upon a properly filed motion. No such motion was filed in this matter
 
 
 [4]
 Honce v. Vigil, 1 F.3d 1085 (10th Cir.1993); Martin v. Nannie & Newborns, Inc., 3 F.3d 1410 (10th Cir.1993); Durham v. Xerox Corp., 18 F.3d 836 (10th Cir.), cert. denied, 115 S.Ct. 80 (1994); Daniel v. Loveridge, 32 F.3d 1472 (10th Cir.1994)