F I L E D
United States Court of Appeals
Tenth Circuit

APR 30 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

J.R. WES PERRIN,

Plaintiff-Appellant,

v.

VIRGINIA EGGER, as Town Manager
of the Town of Telluride; TOWN OF
TELLURIDE,

Defendants-Appellees.

No. 96-1268
(D.C. No. 93-M-2541)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **PORFILIO, ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case arises from the district court's grant of summary judgment in favor of defendant[1] on plaintiff's claims of breach of contract and violation of due process resulting from deprivation of his liberty interest. The district court held that the case would go forward on plaintiff's claim for denial of a termination hearing as a denial of procedural due process. Pursuant to Fed. R. Civ. P. 54(b), the district court ordered that final judgment be entered on all claims other than the procedural deprivation, so that plaintiff could pursue his appeal with regard to his claims of constructive discharge, breach of contract, and stigmatization and deprivation of liberty interest.

Plaintiff was employed as a deputy marshall for the Town of Telluride, Colorado when, on February 11, 1993, a local newspaper published an editorial accusing plaintiff of misuse of his badge by harassing citizens. On the same day the editorial ran in the paper, plaintiff was called to a meeting of the town manager, the chief marshall, and plaintiff's supervisor, where they discussed allegations of inappropriate behavior. During the meeting, the town manager told plaintiff that he had the option of resigning immediately or being terminated after a hearing on the following day. If plaintiff chose to resign immediately, the offer included severance pay, a promise that his unemployment benefits application

---

[1] Upon plaintiff's motion, the district court dismissed plaintiff's claims as to defendant Virginia Egger.

would go uncontested, and a promise that his personnel file would contain no evidence of the current complaints as inducement for his immediate resignation. Plaintiff submitted a one-sentence letter of resignation that same day. A few days later, the newspaper published a story about plaintiff's resignation, reporting that the town manager refused to comment. An accompanying editorial questioned the town manager's actions by suggesting that she had precipitously forced plaintiff's resignation in response to rumors. No town official accepted the editorial's invitation to explain.

Plaintiff brought this action, alleging breach of contract, violation of his due process rights, stigmatization, and deprivation of his liberty interest. Upon defendants' motion for summary judgment,[2] the district court dismissed plaintiff's claims of breach of contract, stigmatization, and deprivation of his liberty interest. Contrary to the defendants' position, the district court found that plaintiff's resignation was not voluntary and that he was entitled to a non-public hearing as provided in the town's employment manual. Plaintiff's claim for denial of a termination hearing as a denial of due process survived the summary judgment, and the district court held that the case would go forward on that claim.

---

[2] The record on appeal does not include the summary judgment motion, response, briefs in support, or attachments. Failure to include these pleadings in the record on a challenge to a district court's grant or denial of summary judgment makes it very difficult for this court to properly consider issues on appeal (particularly allegations of failure to raise an issue in the district court).

We review the district court's grant of summary judgment de novo, and we apply the same standard as the district court. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).

> [W]hen a movant claims that there is no genuine issue for trial because a material fact is undisputed, the nonmovant must do more than refer to allegations of counsel contained in a brief to withstand summary judgment. Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein.

Id.

On appeal, defendant does not dispute the district court's finding that, pursuant to the framework set forth in Parker v. Board of Regents, 981 F.2d 1159, 1162 (10th Cir. 1992), plaintiff's resignation was not voluntary. The Town of Telluride's employment manual provides as follows:

> Dismissal: Dismissal shall take place upon the formal written order of the supervisor with the approval of the Town Manager. The written order shall detail the nature and severity of the conduct or infraction, and any other factors relating to the dismissal. A written notice of intent to dismiss, or a brief statement of grounds, and notice of an opportunity for the employee to first be heard, shall be served on the employee at least two (2) working days prior to the effective date of dismissal. The hearing shall be conducted by the Town Manager and shall be closed to the public. The employee shall be afforded fundamental procedural due process rights, including the right to present evidence and to call and cross-examine witnesses. The Town Manager shall issue a written decision on the proposed dismissal prior to its effective date.

Appellant's App. at 70-71. The district court correctly found, and defendant does not dispute, that plaintiff was deprived of this procedural due process provided by the manual because his resignation was involuntary. The case will proceed in the district court on the issue of damages related to that deprivation.

In Colorado, an employee who is hired for an indefinite period is an "at will employee" whose employment may be terminated without cause at any time. See Orback v. Hewlett-Packard Co., 97 F.3d 429, 432 (10th Cir. 1996), petition for cert. filed, 65 U.S.L.W. 3694 (U.S. Feb. 4, 1997) (No. 96-1565). This presumption can be rebutted, however, under ordinary contract principles by showing a contract arising from an employee handbook that alters the at-will nature of the relationship, or under the theory of promissory estoppel.[3] See Adams County Sch. Dist. No. 50 v. Dickey, 791 P.2d 688, 693 (Colo. 1990). As the district court found, the town's employment manual does not require any sort of cause for termination. Further, the manual had a specific disclaimer which notified employees that "[t]hese policies and procedures are not intended to serve as an employment contract between the Town and any Town employee."

---

[3] Because the district court dismissed plaintiff's claim for breach of contract, we can assume that plaintiff raised that theory in the summary judgment proceedings. It is not apparent, however, that plaintiff presented the theory of promissory estoppel before the district court. He does not mention such a theory on appeal and, since we do not have the benefit of the summary judgment pleadings and attachments, we will assume that plaintiff made no such argument.

Appellant's App. at 67. Where, as here, an employee manual does not require just cause for termination or that the employer apply progressive discipline procedures,[4] and the manual contains a clear disclaimer, the employee manual neither constitutes a contract nor makes a promise altering the at-will nature of the employment. See Ferrera v. A.C. Nielsen, 799 P.2d 458, 461 (Colo. App. 1990). Further, nothing in the record indicates that plaintiff presented evidence that the progressive discipline procedures set forth in the manual were treated as mandatory in practice. See Mariani v. Rocky Mountain Hosp. & Medical Serv., 902 P.2d 429, 435 (Colo. App. 1994) (relying on Evenson v. Colorado Farm Bureau Mut. Ins. Co., 879 P.2d 402, 409 (Colo. App. 1993)).

> A terminated Colorado public employee may state a claim for relief for deprivation of property without due process of law if rules or mutually explicit understandings, which the public employer was authorized to enact or make the basis of a binding agreement, create a sufficient expectancy of continued employment to give the employee a legitimate claim of entitlement.

Adams County Sch. Dist. No. 50, 791 P.2d at 695. Because nothing in the employee manual created a contract or promise under Colorado law, neither can plaintiff show that Colorado law supplies a basis for his claim that he had a

---

[4] The manual states that adverse actions may include a written reprimand, probation, suspension, and dismissal. Appellant's App. at 70.

legitimate claim of an entitlement in the form of continued employment, so as to create a property interest.  See id. at 694-96.

Finally, plaintiff argues that defendant deprived him of his liberty interest because it impeded or foreclosed the opportunity to obtain public law enforcement employment.  He maintains that forcing his resignation on the same day as publication of the editorial containing accusations of harassment, and the refusal of official statement after the follow-up article and editorial evidences defendant's adoption of the stigmatizing statements.  With regard to liberty interest, this court has held that

> [w]hen a public employer takes action to terminate an employee based upon a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a claim for relief is created.

Melton v. City of Oklahoma City, 928 F.2d 920, 927 (10th Cir. 1991).  We stated in that case that "a distinction must be drawn between the mere reporting of a claim made by someone and the adoption of that claim as a basis for punitive action against a public employee."  Id. at 930.  Further, "the mere reporting of the defamatory accusations of a third party will not make governmental agencies or governmental officials liable for the deprivation of a protected liberty interest."  Id.  "That conclusion does not hold, however, if the governmental entity overtly

-7-

or impliedly adopts those defamatory accusations as the basis for punitive action against an employee."

In McGhee v. Draper, 564 F.2d 902 (10th Cir. 1977), we applied that adoption theory in holding that a factual question remained as to whether a school board had effectively created and disseminated an allegedly false impression about the plaintiff, thus violating her liberty interest. In that case, the plaintiff was a teacher whose contract was not renewed following a series of school board meetings at which alleged improprieties were discussed. Although the board never explicitly adopted any of the allegations or listed them as cause for nonrenewal of the plaintiff's contract, it produced and publicly disseminated hundreds of copies of the board minutes containing the allegations and discussions. That situation is distinguishable from this case, where plaintiff has presented no evidence whatsoever that defendant created or disseminated allegedly false accusations. See Melton, 928 F.2d at 931 (distinguishing McGhee because, in McGhee, there was no question that the employer disseminated the defamatory accusations, evidencing the board's adoption of the accusations). Plaintiff points only to the timing of his forced resignation and defendant's refusal to comment on the situation. It is simply too big a stretch to attribute to defendants the editorial comments published in a local newspaper, which were

based on the allegations of harassment by unidentified sources, in light of the complete dearth of evidence as to implied adoption.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge