**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEBRA ANDERSON,

       Plaintiff – Appellant,

v.

REGIS CORPORATION,

       Defendant – Appellee.

No. 05-1377
(D.C. No. 04-CV-597-REB-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Debra Anderson, formerly an executive in charge of managing hair salons, appeals the dismissal on summary judgment of her claims that she was fired by the Regis Corporation in breach of an implied contract to issue an employee three warnings before firing her. She also appeals the dismissal of her claim that Regis promised to issue warnings and was required to do so under the doctrine of promissory estoppel. Her appeal has no merit. Under Colorado law, Anderson

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

was an employee-at-will, and Regis never manifested any intention, nor made any promise, to follow a particular procedure before dismissing an executive. Accordingly, we **AFFIRM** the district court's decision.

**I**

Anderson was first hired by Regis to work as a cosmetologist in 1996. As a new hire, she received a packet entitled "Important Information for the New Employee." The second page of the packet set forth the nature of her relationship with Regis:

> Nothing in the information provided herein, nor in any other written or unwritten policies or procedures creates or is intended to create an express or implied contract, covenant, promise or representation between the company and any employee. All employees are at-will and the company has the right to terminate any employee at any time with or without notice. Any exception to the at-will relationship must be evidenced by a written agreement signed by the affected employee and the company president.

Anderson also signed a "Personnel Data Sheet" which stated:

> I further understand that no provision contained in "Important Information for the New Employee" is intended to create a contract or guarantee of employment between Regis Corporation and any employee, or to limit the rights of the company and its employees to terminate the employment relationship at any time, for any reason in the company's sole discretion.

In 1999, Anderson was promoted to the position of Salon Manager. When she was promoted, she was given a handbook called "The Regis Salons Manager's Reference Guide," (the "Guide") which explained how she should conduct herself

in her new position.  It was explicitly targeted at Salon Managers; nothing in it discussed the responsibilities of any other level of Regis employee.

In the last section of the Guide, there were recommendations for steps a Salon Manager should take when disciplining an employee.  This section included a "warning notice" form.  On the form, there were three categories of warnings: "verbal," "written," and "final."  Nowhere in the Guide is there any requirement that Salon Managers issue warnings before discharging an employee; the only provisions on termination that use the imperative are admonitions that a Salon Manager may not fire anyone for a discriminatory or prejudicial reason and must not discuss any termination with another employee or a customer.

The Guide also clearly and conspicuously stated:

> This guide is intended only to assist Regis salon managers in their operation of Regis salons, and does not create a contract between Regis and any of its salon managers and/or salon employees.

In 2000, Anderson was promoted to the position of "Area Supervisor." This position is not located in a salon; it is an executive position, responsible for managing the operation of several salons.  She did not sign a written employment contract when she was promoted and was given no documents outlining her rights and responsibilities as an Area Supervisor.

During her time in this position, Anderson testified in a wrongful discharge lawsuit brought by a Salon Manager she had fired.  In deposition testimony, she

said that she did not use "progressive discipline," – i.e. issue warnings – before firing the employee because it was not, in her judgment, appropriate.

Also during this period, Regis invited Anderson to attend a seminar entitled "Managing within the Law." Only executives at the Area Supervisor level or higher attended the seminar. It was conducted by outside attorneys, who stated at the beginning of the seminar that they were not setting or explaining company policy or making legal conclusions. Following the seminar, the attorneys handed out a workbook (the "Workbook") discussing in depth topics raised during the event. The section on discipline suggested that managers issue warnings before engaging in any harsher discipline, carefully using the word "should" before these statements. It also stated clearly that, for employees-at-will, managers "do not need to follow a specific 'progressive discipline program.'" No language in the Workbook set forth a specific series of steps Regis employees were required to take before discharging an employee.

Several years into her tenure as an Area Supervisor, Regis executives determined that the sales performance of the salons for which Anderson was responsible was insufficient. She was given a verbal warning and put on 60 days' probation. Soon after the probationary period expired, Anderson was fired.

Anderson brought suit in Colorado state courts, alleging that Regis violated an implicit contract to issue warnings before discharging an employee. In the alternative, she claimed that Regis was barred by promissory estoppel from

treating her as an employee-at-will because of representations made in the Guide and the Workbook. Regis removed the suit to federal court and moved for summary judgment. The district court granted summary judgment, finding that nothing in the documents handed out by Regis, nor anything in its practices, made a promise or manifested a willingness to be bound to a limitation on at-will employment for Area Supervisors. Anderson now appeals.

**II**

Anderson appeals the district court's decision that Regis did not create an implied contract, or make a promise to which it is bound under promissory estoppel, requiring three warnings to be issued before the termination of an Area Supervisor. Her appeal is meritless. Regis did not make a promise or an implied contract to use any specific form of discipline prior to discharging an executives at her level. Absent such an implied contract or promise, Anderson was an employee-at-will under Colorado law and Regis was entitled to terminate her employment without warning. The district court correctly dismissed her claims on summary judgment.

We review the district court's grant of summary judgment de novo, using the same standard as did the district court. See Scull v. New Mexico, 236 F.3d 588, 595 (10th Cir. 2000). Summary judgment is appropriate if the movant establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

We must "view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." Scull, 236 F.3d at 595.

The parties agree that Colorado law governs this dispute. Employment in Colorado is generally at-will, meaning that an employee can be fired at any time without cause or notice. Continental Air Lines, Inc. v. Keenan, 731 P.2d 708, 711 (Colo. 1987). However, an employer can be liable for firing an employee if doing so violates "an implied contract [that] arises out of company policy and employment manuals or where an employee relies on the policies and manuals to his detriment." Vasey v. Martin Marietta Corp., 29 F.3d 1460, 1464 (10th Cir. 1994) (applying Colorado law). An implied contract can arise out of a personnel manual or handbook that purports to limit an employer's right to terminate employees at will if the circumstances demonstrate that the employer manifested a willingness to be bound by the terms of the manual. See Frymire v. Ampex Corp., 61 F.3d 757, 769 (10th Cir. 1995) (applying Colorado law). "To establish that an employment manual creates contractual obligations, the employee must show that the employer's actions manifest to a reasonable person an intent to be bound by the provisions of the document." Evenson v. Colo. Farm Bureau Mut. Ins. Co., 879 P.2d 402, 408-09 (Colo. Ct. App. 1993).

However, if an employer attaches a clear and conspicuous disclaimer indicating the employer did not intend to create a contract, the disclaimer can void indications in a handbook that an employer is bound to comply with certain

-6-

policies. Id. Existence of a clear and conspicuous disclaimer is not dispositive; an employer can be found to have manifested an intent to be bound by the terms of a handbook even if there is a disclaimer if the handbook states that there are mandatory termination procedures or that just cause is required for termination. Id; see also Allabashi v. Lincoln Nat'l Sales Corp., 824 P.2d 1, 4 (Colo. Ct. App. 1991).

Anderson points to two documents – and only two documents – in which she claims Regis created an implied contract that required it to issue warnings before firing an Area Supervisor. First is the Guide. By its own language, the Guide is intended to instruct Salon Managers how to run a salon; it does not say anything about company policy with regard to managers. Further, the section on discipline in the Guide does not set forth a mandatory policy; it simply contains a list of suggestions for Salon Managers. Finally, the Guide contains a clear and conspicuous disclaimer, stating that it "does not create a contract between Regis and any of its salon managers and/or salon employees." This document clearly did not create any obligation on the part of Regis to issue warnings before firing Anderson.

Second, Anderson points to the Workbook, which was handed out at a seminar for Regis managers. As noted above, the seminar and the Workbook were given to employees at the Area Supervisor level and above and was specifically aimed at teaching these employees how to treat lower-level

employees. This Workbook does not set forth specific, mandatory procedures about discharging employees – in fact, it explicitly says that "at-will employment also means that you do not have to follow any specific procedures or processes before you terminate someone." It simply gives advice to managers about best practices. Further, the attorneys who conducted the seminar clearly stated that they were not setting company policy. Anderson's argument that the Workbook created a mandatory policy is also contradicted by the goal of seminar, which she acknowledges was avoiding lawsuits from salon employees. How a seminar aimed at avoiding lawsuits gives rise to an employment contract that creates the potential for them is not explained by Anderson.

Based on these undisputed facts, the district court rightly found that Anderson could not maintain a claim for breach of an implied contract and summary judgment was appropriate.

Even if no contract was formed, a fired employee can, under some circumstances, maintain a claim under promissory estoppel that an employer promised to follow policies in a manual and that the employee relied upon these promises to her detriment. Vasey, 29 F.3d at 1466. In order to prove a promissory estoppel claim, a plaintiff must show "(1) the employer should reasonably have expected the employee to consider the employee manual as a commitment from the employer to follow policies contained in the manual, (2) the employee reasonably relied on the termination procedures to his detriment, and

(3) that injustice can be avoided only by enforcement of the termination procedures." Id. (citing Continental Air Lines Inc., 731 P.2d at 712). However, our careful record review discloses no evidence that demonstrates Regis should reasonably have expected Anderson to have personally considered either the Guide or the Workbook as a commitment to follow the claimed termination policies. Thus, the district court correctly dismissed this claim on summary judgment as well.

We **AFFIRM** the district court's decision dismissing Anderson's breach of implied contract and promissory estoppel claims on summary judgment.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge