This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARION DUBEAU,**

Petitioner-Appellee,

**v.**                                                                        **No. 36,018**


**JOHN HOGDEN,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Judge**

Cuddy & McCarthy, LLP
Julie A. Wittenberger
Santa Fe, NM

for Appellee

John Hogden
Santa Fe, NM

Pro Se Appellant

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Respondent John Hogden, a self-represented litigant, appeals from the district court's order denying his request that the district court judge recuse himself and

adopting the priority consultation recommendations. [2 RP 122] We entered a notice of proposed summary disposition, proposing to dismiss for lack of a final order. Respondent has filed a memorandum in opposition (MIO) to our notice, challenging our proposed disposition. We are unpersuaded by Respondent's arguments and therefore dismiss.

{2}     On appeal, Respondent raises eight issues relative to the district court's rulings in post-decree proceedings. Our calendar notice did not address the merits of Respondent's issues because, we explained, that it appeared that this case was not properly before the Court. [CN 2-3] In response, Respondent disputes this Court s proposal that there is no final order in this case. [MIO 1–4] Respondent seeks a definition of what it means to dispose of a case to the fullest extent possible[.] [MIO 1] We direct him to the following language, set forth by our Supreme Court in *Kelly Inn No. 102, Inc. v. Kapnison*:

> To distill from all of this a general principle that will provide an easy answer to the question of when a judgment is final and when it is not is probably a hopeless undertaking. We agree with the United States

2

Supreme Court that it is impossible to devise a formula to resolve all marginal cases coming within the twilight zone of finality. One formula, not yet mentioned in this opinion, has been phrased by our court of appeals as follows: The test of whether a judgment is final so as to permit the taking of an immediate appeal, lies in the effect the judgment has upon the rights of some or all of the parties. But this, of course, fails to explain what kind of effect upon the rights of the parties is necessary for an order to be considered as final.

We probably can do little better than to propose the following guidelines, which may answer some but undoubtedly will not answer all of the difficult questions falling into the twilight zone: Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein. Where a postjudgment request, such as one for attorney[] fees, raises issues "collateral to" and "separate from" the decision on the merits, such a request will not destroy the finality of the decision; proceedings to carry out or give effect to the judgment do not render the judgment nonfinal, because the trial court always

retains jurisdiction to enforce its unsuperseded judgment.

1992-NMSC-005, ¶ 20-21, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citations omitted).

**{3}** In this case, as we explained in our calendar notice, the district court has yet to rule on Respondent's motion for the court to refrain from court-ordered defamation. [1 RP 113; CN 3] Because the motion is directed at certain findings contained in the priority consultation, which the district court adopted as an order of the court the order from which Respondent seeks to appeal a ruling on the motion could alter, moot, or revise the judgment of the district court. In other words, the motion is not collateral to or separate from the decision on the merits. Accordingly, the decision is non-final. *See id.*

{4} We acknowledge the possibility that the district court is under the impression, as Respondent suggests, that it has resolved all outstanding issues. [MIO 2–3] However, that does not change this Court s assessment of finality in this case. We suggest that Respondent invoke a ruling on the motion and re–file his appeal, if he so desires, once the district court explicitly resolves the outstanding motion.

{5} For the reasons set forth in our notice of proposed disposition and in this opinion, we dismiss.

{6} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**M. MONICA ZAMORA, Judge**