**Michael C. MESSINA,
Plaintiff–Appellant,**

v.

**KROBLIN TRANSPORTATION SYSTEMS, INC., Defendant–Appellee.**

**No. 86–1700.**

United States Court of Appeals,
Tenth Circuit.

May 21, 1990.

---

Louis W. Bullock of Bullock and Bullock, Tulsa, Okl., for plaintiff-appellant.

Neal Tomlins of Baker, Hoster, McSpadden, Clark & Rasure, Tulsa, Okl., (J. Ronald Petrikin, M. Benjamin Singletary, and Timothy A. Carney of Gable & Gotwals, Tulsa, Okl., on the briefs), for defendant-appellee.

Before LOGAN, BRORBY, and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiff Michael Messina appeals from a jury verdict in favor of defendant Kroblin Transportation Systems, Inc. (Kroblin) on his claim that he was unlawfully terminated in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. ch. 14, and from a directed verdict for defendant on Messina's pendent state law slander claim. On appeal we consider three issues, whether the district court erred (1) in instructing the jury on Messina's ADEA claim; (2) in directing a verdict for defendant on Messina's slander claim; and (3) in refusing to admit evidence of the conduct of certain defense witnesses.[1] We affirm the district court on all issues.

I

On Messina's ADEA claim, the district court instructed the jury in accordance with its view of the standards enunciated in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and this circuit's opinion in *Smith v. Consolidated Mut. Water Co.*, 787 F.2d 1441 (10th Cir.1986). The instructions at issue provided:

> "In order to prove the essential elements of plaintiff's claim ... the burden is upon plaintiff to establish by a prepon-

---

1. Because we affirm the district court's handling of Messina's ADEA claim in all other respects, we do not reach his contention that the court's instruction with regard to backpay was improper.

derance of evidence in the case the following facts:

First: That the plaintiff was employed by the defendant, and was capable of continuing to perform in a satisfactory manner;

Second: That he was at least forty years of age but less than seventy years of age at the time of his discharge;

Third: That the plaintiff's age was the determinative factor in whether he was to be retained or discharged; and

Fourth: that a younger person replaced him.

Once plaintiff has established through evidence the essential elements of his age discrimination claim ... the burden of proof shifts to the defendant to show some legitimate non-discriminatory reason for the plaintiff's termination. If defendant comes forth with such evidence, the burden shifts back to plaintiff to prove that the business reason proffered by defendant is merely a pretext for discriminating against plaintiff."

I R. tab 83. Messina argues that this instruction incorrectly required him to prove the ultimate question of the trial—whether age was the determinative factor in his discharge—as part of his prima facie case.

This instruction may misstate the evidence a plaintiff must present in order to avoid a directed verdict under *McDonnell Douglas*, but the presumption and burdens inherent in the *McDonnell Douglas* formulation drop out of consideration when the case is submitted to the jury on the merits. As the Supreme Court noted in *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 713–14, 103 S.Ct. 1478, 1480–81, 75 L.Ed.2d 403 (1983), the important issue is discrimination vel non not the orderly presentation of evidence.

Other circuits have disapproved jury instructions which delineate the intricacies of *McDonnell Douglas* because a jury is not well equipped to understand the shifting burdens of such a formulation. The First Circuit recognized the potential for juror confusion and stated:

> "[T]o read [*McDonnell Douglas'*] technical aspects to a jury, as was done here, will add little to the juror's understanding of the case and, even worse, may lead jurors to abandon their own judgment and to seize upon poorly understood legalisms to decide the ultimate question of discrimination. Since the advantages of trial by jury lie in utilization of the jurors' common sense, we would have serious reservations about using *McDonnell Douglas* if doing so meant engulfing a lay jury in the legal niceties discussed in this opinion."

*Loeb v. Textron, Inc.*, 600 F.2d 1003, 1016 (1st Cir.1979); *see also Hagelthorn v. Kennecott Corp.*, 710 F.2d 76, 85 (2d Cir.1983) ("[T]he defendant's proposed instructions, couched in such lawyerly cant as '*prima facie* case' and 'shifting burden of proof,' would only have confused the jury.").

■ While it is appropriate for courts to use the law developed in the context of Title VII cases in ADEA disputes, *McDonnell Douglas* guidelines play differently to a jury than they do in a bench trial. The *McDonnell Douglas* inferences provide assistance to a judge as he addresses motions to dismiss, for summary judgment, and for directed verdict, but they are of little relevance to the jury. The district courts, therefore, to avoid potential jury confusion, should prepare instructions that do not rely on technical legal distinctions likely to be understood only by attorneys and judges.

> "*McDonnell Douglas* is to a large extent an analytical framework enunciated *post hoc*, in light of a given set of facts, to give judges a method of organizing evidence and assigning the burdens of production and persuasion in a discrimination case. In light of this and the fact that the defendants' burden is one of production rather than of persuasion, only the factual determinations necessary to the underlying rationale of *McDonnell Douglas* need be made by the jury—the burden-shifting can and should be monitored by the judge. Moreover, the term 'prima facie case' need never be mentioned to the jurors; ... *McDonnell Douglas* should be used to

identify the important factual issues, and these can be set out in the charge, or in special questions, divorced from legal jargon."

*Loeb*, 600 F.2d at 1016 (footnote omitted).

■ Despite our misgivings, we hold that the instruction given by the trial court does not warrant reversal. In *Smith*, we upheld an instruction not much different from that given here. 787 F.2d at 1442–43. The court's instructions on the age discrimination issue directed the jury's attention to the ultimate question—was age a determinative factor in Messina's discharge. "Our standard of review is not whether an instruction was faultless in every respect, but whether the jury, considering the instructions as a whole, was misled. 'Thus, only in those cases where the reviewing court has a substantial doubt whether the jury was fairly guided in its deliberations should the judgment be disturbed.' " *United States v. Willis*, 890 F.2d 1099 (10th Cir.1989) (quoting *Irving v. Dubuque Packing Co.*, 689 F.2d 170 (10th Cir.1982)). We do not have such doubt in the case before us.

## II

Messina asserts that the district court erred in directing a verdict against him on his slander claim. In defending against Messina's ADEA claim, Kroblin alleged that it terminated Messina because, *inter alia*, he intentionally postdated a vehicle inspection report that he filed with the company, a violation of federal safety regulations for which Kroblin could have been sanctioned. Messina denied that his handling of the inspection report was improper, and his slander claim arises from the manner in which Kroblin dealt with the incident. Messina contends that Tom Thoma, maintenance supervisor for Kroblin, accused him, in front of several co-workers, of not doing the inspection and falsifying the report. He alleges that this accusation constitutes slander per se. Kroblin argues that Thoma did not accuse Messina of falsifying the report; rather, he requested an explanation of the discrepancy between the date written on the report and the date

Messina claimed he inspected the vehicle in question. In addition, Kroblin asserts that (1) no defamation occurred because communication between corporate employees does not constitute publication of the defamatory information and (2) Messina failed to overcome Kroblin's qualified privilege by showing actual malice or recklessness in the communication.

After hearing evidence on the issues, the trial court directed a verdict for Kroblin on the slander claim. The court determined as a matter of law that none of the employees who heard the conversation between Messina and Thoma thought less of Messina and, therefore, no slander could have occurred. Messina argues that the trial court misapplied Oklahoma law by confusing defamation per quod, which requires proof of damage, with defamation per se, in which damage is presumed.

■ We agree with Kroblin that under Oklahoma law statements made by one corporate employee during the performance of his duties within the hearing only of other corporate employees does not constitute publication. Because defamation requires that information be communicated to others besides the plaintiff, we hold that the trial court's directed verdict in favor of the company was correct. *See Magnolia Petroleum Co. v. Davidson*, 194 Okl. 115, 148 P.2d 468, 471 (1944); *and M.F. Patterson Dental Supply Co. v. Wadley*, 401 F.2d 167, 171 (10th Cir.1968). *See also Anson v. Erlanger Minerals and Metals, Inc.*, 702 P.2d 393, 398 n. 4 (Okla.App.1985) (assuming statements in staff meetings not publication under doctrine of *Magnolia Petroleum* ).

## III

Finally, Messina argues that the district court erred in failing to allow him to introduce evidence and argue to the jury the full extent of Kroblin's "failure to play by the rules." The case had been partially tried earlier, and a mistrial had been declared, apparently because one of Kroblin's witnesses discussed his testimony with another witness in violation of a court order. Messina makes several complaints about

the retrial, but focuses principally on the court's limitation on his cross-examination of Kroblin's witnesses involved in the violation of the sequestration order in the earlier trial.

We are generally reluctant to overturn evidentiary rulings of the trial court. We review such rulings only to determine if the trial court abused its discretion in limiting the scope of the evidence presented. *Weir v. Federal Ins. Co.*, 811 F.2d 1387, 1396 (10th Cir.1987). In this case the district court was attempting to balance the interests of plaintiff Messina in presenting his case with the undoubted prejudice that would arise if the jury were informed that prior defense misconduct had required a new trial. We cannot find fault with the balance the court struck. The court allowed Messina to cross-examine the witnesses who were involved in the previous violation regarding the fact that they had violated the sequestration order. While Messina might have wished to belabor the point, the district court did not err in refusing to let him do so.

Accordingly, the district court is AFFIRMED.