**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DION JONES,

      Plaintiff-Appellant,

v.

TCI CABLEVISION OF UTAH, INC.,

      Defendant-Appellee.

No. 99-4103
(D.C. No. 97-CV-722)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

Plaintiff, who was employed by TCI Cablevision of Utah, Inc. as a cable installer, brought this action under Title VII claiming that he was discriminated against because of his race and that he was discharged in retaliation for engaging in protected activities. TCI contended that it neither discriminated nor retaliated against plaintiff, and that it discharged him solely because of his continued failure to come to work on time. The jury entered a verdict for TCI on both of plaintiff's

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims. Thereafter, plaintiff filed a motion for new trial, arguing the district court committed several reversible errors during the trial. The district court denied the motion and plaintiff now appeals. [1] On appeal, plaintiff contends a new trial is warranted based on two district court errors: the district court allowed TCI to use certain documents during the course of the trial that were not disclosed to plaintiff before the trial began, and the district court limited the testimony of plaintiff's rebuttal character witness.

We review the district court's decision to deny plaintiff's motion for new trial under an abuse of discretion standard. *See Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir.), *cert. denied*, 120 S. Ct. 50 (1999). The decision to admit, limit, or exclude evidence also lies within the sound discretion of the district court. *See Hinds v. General Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993) (reviewing decisions to admit and exclude evidence for abuse of discretion); *Messina v. Kroblin Transp. Sys., Inc.*, 903 F.2d 1306, 1310 (10th Cir. 1990) (reviewing decision to limit scope of evidence for abuse of discretion). Even if we find error in the district court's admission or exclusion of evidence, "we will set aside a jury verdict only if the error prejudicially affects a substantial

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

right of a party. The effect on the jury of evidence can only be prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result." *Hinds*, 988 F.2d at 1049 (citations omitted).

The first evidentiary ruling of which plaintiff complains concerns TCI's use of the daily work orders that plaintiff filled out during the course of his employment. TCI did not make any pre-trial disclosure to plaintiff about its possession of the work orders or its intent to use them as evidence. The first time the work orders came to light was when TCI attempted to use them to impeach plaintiff's testimony about his job performance. Plaintiff objected to TCI's use of the documents, arguing that they were never disclosed to plaintiff despite fairly broad discovery requests. The court overruled the objection because the documents were plaintiff's own work records. *See* Appellant's App., Vol. B at 493. The next day, the court heard extensive argument from counsel about the admissibility of the work orders and a summary of those orders prepared by plaintiff's last supervisor, Michele Jackson, that TCI wished to introduce as evidence. The court ruled that neither the work orders nor the summary could be admitted as exhibits, but that TCI could examine Michele Jackson on the summary. *See* Appellant's App., Vol. A at 212-213. Thereafter, TCI questioned Ms. Jackson about information contained in the summary as it related to plaintiff's completion of assigned work during the last days of his employment.

On appeal, plaintiff argues that by not disclosing the work orders and summary before trial, TCI violated Federal Rules of Civil Procedure 26(a)(1)(B) (initial disclosures), 26(a)(3)(C) (pretrial disclosures), and 26(e)(1) (supplementation of disclosures). Accordingly, plaintiff contends, the district court should have precluded TCI from using the documents for any purpose pursuant to Rule 37(c)(1), which provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness or information not so disclosed."

TCI argues that it did not violate any of the disclosure requirements of Rule 26(a) or Rule 26(e), and that the documents were not subject to exclusion under Rule 37(c)(1) because TCI used the documents solely for purposes of impeaching plaintiff's testimony. *See* Fed. R. Civ. P. 37(c) 1993 advisory committee's note ("As disclosure of evidence offered solely for impeachment purposes is not required under [Rule 26(a) or Rule 26(e)(1)], this preclusion sanction likewise does not apply to that evidence."). Further, TCI contends that plaintiff secured all the benefits of Rule 37(c) by having the documents excluded as exhibits. Plaintiff admits that the documents were used for impeachment purposes, but argues impeachment was not the sole purpose for which TCI used the documents. Plaintiff argues that TCI also used the testimony about the documents to support

-4-

its theory that plaintiff wanted to get fired. Further, plaintiff argues that excluding the documents as exhibits was not a sufficient sanction because the jury still heard the testimony of plaintiff and Ms. Jackson about the contents of the documents.

We need not decide whether the district court erred in allowing TCI to examine plaintiff and Ms. Jackson about the work orders and summary, because we conclude that even if the district court erred, that error did not prejudicially affect plaintiff's substantial rights so as to warrant a new trial. First, the only substantive purposes for which TCI arguably used the documents was to support its theory that plaintiff wanted to get fired. Thus, the evidence related only to TCI's defense to plaintiff's claim for retaliatory discharge, not to its defense to his claim for discriminatory treatment. Second, to defend against plaintiff's claim of retaliatory discharge, TCI had only to show that it's own motives were not retaliatory in nature. Plaintiff's motivation for his own conduct was of little, if any, relevance to TCI's defense. Finally, TCI presented a wealth of evidence that plaintiff continually failed to come to work on time, despite receiving numerous written and verbal warnings about the need to correct his behavior, and that his tardiness problem worsened significantly during the weeks immediately preceding his termination. TCI also presented uncontradicted evidence that having its cable installers report to work on time was very important for effective customer

service. Most importantly, TCI presented uncontradicted evidence that Ms. Jackson, who was responsible for firing plaintiff, did not rely on plaintiff's failure to complete work assignments when she decided to fire plaintiff. In fact, Ms. Jackson said that she was unaware of how plaintiff's actual performance had deteriorated until she reviewed the work orders in the week prior to trial.

"In order to reverse a district court judgment on account of an evidentiary ruling, [plaintiff] must make a clear showing []he suffered prejudice, and the ruling was inconsistent with substantial justice or affected [his] substantial rights." *Coletti v. Cudd Pressure Control,* 165 F.3d 767, 773 (10th Cir. 1999) (quotations omitted). Based upon our review of the record, we conclude that plaintiff has not made a sufficient showing to warrant reversal.

The second evidentiary ruling of which plaintiff complains concerns the testimony of Carl Dan Miner, plaintiff's bishop in the Mormon Church. Plaintiff called Mr. Miner as a rebuttal witness to give his opinion about plaintiff's character for truthfulness pursuant to Fed. R. Evid. 608(a). The district court permitted Mr. Miner to testify, over TCI's objection, but he did not permit Mr. Miner to testify about the religious basis for his relationship with plaintiff. The district court concluded that "[a]llowing Mr. Miner to testify that he knew plaintiff through his church would have constituted an improper appeal to religious prejudice. This type of testimony may have sent the message to the jury

-6-

that because the plaintiff attended church he must be an honest person. This type of testimony is improper . . . ." Appellant's App., Vol. A at 173-74 (footnote omitted). In limiting Mr. Miner's testimony , the district court relied on Fed. R. Evid. 610, which prohibits the admission of "[e]vidence of the beliefs or opinions of a witness on matters of religion . . . for the purpose of showing that by reason of their nature the witness' credibility is impaired or enhanced."

Plaintiff contends that the district court should have permitted Mr. Miner to testify that he knew plaintiff through their church and to describe "the situations that have caused him to reach an opinion as to [plaintiff's] character for truthfulness." Appellant's Opening Br. at 54. Based upon our review of the record, we conclude that under the circumstances presented here, the district court did not abuse its discretion by not allowing Mr. Miner to testify about the religious basis of his relationship with plaintiff. Moreover, even if the district court did err in limiting Mr. Miner's testimony, plaintiff has not shown that the error prejudicially affected his substantial rights, so as to warrant a new trial.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge